George TAYLOR et al., Appellants,

v.

Gilbert KERLIN et al., Appellees.

No. 13482.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 23, 1959.

Rehearing Denied Oct. 14, 1959.

794 ■ ▬▬▬▬▬▬▬

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellants.

Orrin W. Johnson, Harlingen, Pfeiffer & Gittinger, San Antonio, for appellees.

BARROW, Justice.

This is an action for declaratory judgment filed by Gilbert Kerlin and North Central Oil Corporation, as plaintiffs, against George Taylor, Sam Taylor, William B. Lupe and Frank A. Cech, defendants, in which suit A. J. McBride, J. N. Groesbeck, Jr., Carl Niglizzo and Waterloo Valve Spring Compressor Company, a corporation, intervened, aligning themselves with plaintiffs' alleged cause of action. The defendants also cross-actioned for declaratory judgment. The issue involved is a fractional mineral interest in land. All the parties filed motions for summary judgment according to their respective contentions. Plaintiffs' motion for summary judgment was granted and the defendants' motion was denied. Judgment was accordingly entered. This appeal is from that judgment. William B. Lupe, however, did not appeal and the judgment against him is final.

The pertinent facts are as follows:

By deed dated March 15, 1946, Continental Oil Company and others conveyed to Gilbert Kerlin, hereinafter called Kerlin, a tract of land containing 9,167.9 acres, more or less, known as the "Loma Alta Tract," situated in Cameron County, Texas, and in such conveyance the grantors reserved unto themselves the entire mineral estate, but by separate instrument conveyed a royalty estate consisting of an undivided three-fourths of one-eighth of the oil and gas produced, and a portion of the production of other minerals on said land unto the grantee, Kerlin, as shown by the deed.

By deed dated June 19, 1947, Kerlin conveyed to George and Sam Taylor 871.2 surface acres, described by metes and bounds, out of said Loma Alta Tract, reserving all oil, gas and other minerals, and simultaneously, by separate deed, conveyed to them the royalty interest involved in this suit.

Likewise, by similar instruments, Kerlin conveyed to Frank Cech 500 surface acres on June 19, 1947, and the royalty interest involved herein. On June 20, 1947, he conveyed 733.9 surface acres to William B. Lupe and a royalty interest therein, and on June 27, 1947, conveyed another 500 surface acres to Cech and the royalty interest involved herein.

The parties to this appeal are in agreement that the conveyances from Kerlin to the Taylors and Cech are in the same form and in substantially the same language, and that the same construction should govern all of the deeds. The briefs have been confined to a discussion of the Taylor conveyance, therefore, this opinion will also be confined to a construction of the Taylor conveyance, but apply as well to the Cech conveyances. The decision of the case turns upon the construction of those conveyances, and particularly the following portions thereof.

The first part of the deed, insofar as pertinent, reads as follows:

"* * * hereby grants, sells and conveys unto Sam Taylor and George Taylor of Nueces County, Texas, hereinafter called Grantees, an undivided interest, as hereinafter set out, in and to the oil royalty, gas royalty, and royalty on other minerals in and under and that may be produced and mined from the following described land situated in Cameron County, Texas, to-wit:"

This was followed by an elaborate description, by metes and bounds of the tract of 871.2 acres of land conveyed in the surface deed. This in turn was followed by a description in succeeding paragraphs, of the undivided royalty interest, closely similar to that which appears in the deed to Kerlin, except that it described the interest as one-third of that which had been conveyed to him, stating, for example, that it was "On oil, $\frac{1}{4}$ of $\frac{1}{8}$ of that produced and saved from said land." This was fol-

lowed by the general intention clause, which provided:

"It is hereby intended to convey to the Grantees hereunder a one-third ($\frac{1}{3}$) of the three-fourths ($\frac{3}{4}$) of one-eighth ($\frac{1}{8}$) royalty interest conveyed to the grantor herein by Continental Oil Company, Texon Oil & Land Company, Group No. 1 Oil Corporation, and Group No. 2 Oil Corporation, each a Delaware Corporation, by royalty deed dated March 15, 1946, to which royalty deed and its contents reference is here made and it is expressly understood that this deed is subject to the conditions and reservations contained in said royalty deed to the Grantor dated March 15, 1946."

It is the contention of appellees that Kerlin, by the subject deed, conveyed to the Taylors an undivided one-fourth of the one-eighth royalty interest in only the 871.-2 acres described in the deed; whereas, appellants contend that the deed conveyed to the Taylors not only the one-fourth of the one-eighth royalty interest in the land described, but also conveyed to the Taylors an undivided one-third ($\frac{1}{3}$) of three-fourths ($\frac{3}{4}$) of one-eighth ($\frac{1}{8}$) royalty interest in the entire 9,167.9 Loma Alto Tract. We agree with appellees. The parties are in agreement that the deed is clear and unambiguous, but contend that the language used supports their respective claims.

■ In the case of all contracts, including deeds, the cardinal rule of construction is that the intention of the parties is to be ascertained and effectuated, unless forbidden by law. 14–B Tex.Jur. 572, § 125. "In order to ascertain the intention of the parties, all of the provisions of the deed in controversy are considered, and every part of the deed is given effect where this can be done. The intention is not gotten from an isolated clause or paragraph, but gathered from a fair construction of the entire instrument. Each clause or paragraph

must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined." 14–B Tex.Jur., Deeds, 584, § 135. The strictness of the ancient rules for construction of deeds has been relaxed, and the controlling factor is the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, and such intention, when ascertained, will control over arbitrary rules. Harris v. Windsor, 156 Tex. 324, 294 S.W.2d 798.

■ Applying the foregoing rules to the subject deed, it seems clear to us from the provisions of the deed as a whole, that the royalty deed conveys an undivided one-fourth (¼) of one-eighth (⅛) interest in the oil and other minerals in and under, and that may be produced from, the 871.2 acres of land described in the deed, as qualified and limited by the terms of the deed under which the grantor acquired his title (the deed of March 15, 1946), and nothing more. And that the language, "It is hereby intended to convey to the Grantees hereunder a one-third (⅓) of the three-fourths (¾) of one-eighth (⅛) royalty interest conveyed to the grantor herein by Continental Oil Company, * * * by royalty deed dated March 15, 1946, to which royalty deed and its contents reference is here made and it is expressly understood that this deed is subject to the conditions and reservations contained in said royalty deed * * *," has reference to the character and quality of interest rather than the quantity of land conveyed. It is clear from the language used that it was intended by the parties that the deed convey ⅓ of the interest in the 871.2 acre tract of land that the grantor, Kerlin, acquired therein by the deed to him, as qualified and limited by the terms of said deed; and that it was not intended, by the language of the "general intention clause", to convey such interest in the entire 9,168.9 acre tract. This interpretation gives full meaning and import to each and every provision of the deed.

Appellants contend that the deed should be construed to mean that the deed first conveyed a one-third (⅓) of three-fourths (¾) of one-eighth (⅛) interest in the oil, gas and minerals in the 871.2 acres described, and then, by the general intention clause, enlarged the same to convey the same fractional interest in the entire 9,167.-9 acre tract, which includes the 871.2 acre tract. This contention cannot be sustained. To do so would render meaningless and superfluous the first paragraph, wherein the 871.2 acre tract is conveyed, as well as the metes and bounds description of said tract. It would also render the deed ambiguous and uncertain, in that the deed might be susceptible of conveying the fractional interest in the 871.2 acres in the first paragraph and again conveying the same in a later paragraph. Moreover, this record shows that appellee Kerlin owned three-fourths (¾) of the one-eighth (⅛) royalty in the entire 9,167.9 acre tract. Therefore, to adopt appellants' contention would mean that by the conveyance to the Taylors, the first deed to Cech, and the deed to defendant Lupe, Kerlin conveyed all the royalty he owned in the entire 9,-167.9 acres. Consequently, appellant Cech would have obtained nothing by his second deed, nor would the interveners, who received two subsequent deeds to 1,000 acres in each deed, together with similar deeds to the royalty under the entire tract. By such a construction we would have Kerlin conveying one-third of his royalty interest six times.

Appellants rely on the opinion of the Supreme Court in Hoffman v. Magnolia Petroleum Co., Tex.Com.App., 273 S.W. 828, 829. We do not regard this case as in point. In the Hoffman case the instrument was a mineral deed to one-half interest in and to all oil, gas and other minerals in place under a described 90 acre tract of land, which was a part of a 320 acre tract upon which there existed an oil and gas lease. The deed was, by its terms, made subject to this lease, as follows:

"It is understood and agreed that this sale is made subject to said lease but covers and includes one-half of all the oil royalty and gas rental or royalty due to be paid under the terms of said lease. It is agreed and understood that one-half of the money rental which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Peter L. Hoffman * * *."

The Court held that the deed first conveyed an undivided one-half interest in the possibility of a reverter of the oil in place under the 90 acres. Then the Court, referring to the language above quoted, said:

"Instead of restricting these royalties to wells on the 90 acres, the conveyance covers one-half of 'all' the oil royalty under the terms of the lease. That this passage refers to an interest in the whole instead of a part of the royalty, irrespective of where the wells shall be located, is corroborated by the provisions for one-half of the delay rentals payable under the lease. These, by the provisions of the latter instrument, are to accrue before any well at all is begun, and the conveyance of them can only refer to the lease as a whole, and hence not to a particular 90 acres of it; thus showing that in this connection a segregated 90-acre tract is not intended to be the measure of the rights granted."

Thus the Court held that two separate and different conveyances were made.

No such language appears in the subject deed. The language contained in the "general intention" clause does nothing more than limit the estate granted in the 871.2-acre tract to that acquired by the grantor in the former deed. The deed to the larger tract contained limitations and restrictions on the royalty interest conveyed, such as the reservation in the grantor of drilling and exploration rights and the right to erect and remove material, equipment and structures, and negatived any obligation of the grantor to drill and develop the property. It also contained other provisions not necessary to mention. It is to these matters that the "general intention" clause had reference rather than to an enlargement of the acreage conveyed.

It is our opinion that the trial court rendered a correct judgment.

The judgment is affirmed.