C. E. BOYD, Jr., et al., Appellants,

v.

F. O. WELCH et al., Appellees.

No. 4911.

Court of Civil Appeals of Texas, Eastland.

June 24, 1976.

Rehearing Denied July 12, 1976.

David Brooks and Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellants.

Temple Dickson, Mays, Moore, Dickson & Roberts, Sweetwater, for appellees.

McCLOUD, Chief Justice.

This is a deed construction case. Plaintiffs, C. E. Boyd, Jr. and his former wife, Clara Boyd Stuckey, sued F. O. Welch seeking a declaratory judgment that Welch owned no interests in certain minerals he was claiming under a deed from plaintiffs to Welch. The trial court determined that the deed was ambiguous and permitted extrinsic evidence as to the intent of the parties. The jury found in favor of Welch and the grantors, C. E. Boyd, Jr. and Clara Boyd Stuckey, have appealed. We affirm.

The deed in question dated October 11, 1966, provides in part:

"We, C. E. BOYD, JR., and wife, CLARA MAE BOYD, of Midland, Midland County, Texas hereinafter called 'Grantors', for and in consideration of ten dollars ($10.00) and other good and valuable consideration, the receipt of all of which is hereby acknowledged, do hereby bargain, sell, transfer, assign and convey unto F. O. WELCH, hereinafter called 'Grantee', an undivided one-half (½) of our interest in the oil, gas, royalties and other minerals that may be lying on, in or under, and that may be produced from the following described land in Nolan and Taylor Counties, to wit:

A.  The south one-half (S/2) and the northeast quarter (NE/4) of Section 1, Block 'X', T & P Ry. Co. Survey, in Nolan County, Texas;

B.  The west one-half (W/2) of Section 58, the west 120 acres of the northwest quarter (NW/4) of Section 59, Block 5, T & P Ry. Co. Survey, in Nolan County, Texas;

C.  The east one-half (E/2) of Section 3, and all of Section 4, in Block 6, T & P Ry. Co. Survey, in Nolan County, Texas;

D.  Section 60, Section 64, the south one-half (S/2) of Section 61, Section 70, Section 71 and Section 72, except the J. R. Coomer and Homer Tye Lands all in Block 20, T & P Ry. Co. Survey, Nolan County, Texas;

E.  Section 68, Block 19, T & P Ry. Co. Survey, in Nolan County and Taylor County, Texas,

together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals, and storing, handling, transporting and marketing the same therefrom.

This sale is made subject to any rights now existing to any lessee or assignee under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that the Grantee shall have, receive and enjoy the herein granted undivided interest in and to all bonuses, rents, royalties, and other benefits which may accrue hereunder from and after the date hereof, precisely as if the Grantee herein had been at the date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other, and Grantee one of the lessors therein.

The Grantors herein warrant and represent to the Grantee that by this conveyance they have conveyed to him a minimum of an undivided four hundred (400) mineral or royalty acres under the above described land and if on examination of title, it is determined that this conveyance covers less than 400 mineral or royalty acres under the above described land, the Grantors will execute such additional conveyances or issuances to accomplish the same.

*IT IS UNDERSTOOD AND AGREED, and herein expressly stipulated that there is conveyed by this instrument an undivided one-half (½) interest of the Grantors' interests in the life estate in the minerals now owned by Ruth Boyd, of which, at her death, one-half (½) passes to the Grantors herein.*" (Emphasis added)

On October 11, 1966, C. E. Boyd, Jr. owned a remainder interest and Ruth Boyd

a life estate in minerals in lands other than those tracts specifically described in the deed under consideration. Grantors contend the deed conveys an interest only in the tracts specifically described in the deed. Grantee argues the deed grants a one-half interest in grantor's remainder interest in all lands in which Ruth Boyd owned a life estate.

The jury found it was mutually intended and agreed between grantors and grantee that the deed would "cover and convey an undivided one-half (½) of C. E. Boyd, Jr.'s remainder interest in the other property in which Boyd had a remainder and in which Ruth Boyd had a life estate, as well as the property described by section and block in the first paragraph of the deed in question."

Grantors contend the court erred in submitting the issue inquiring as to the intent of the parties because the deed is unambiguous and conveys a mineral interest only in the land specifically described.

In the two paragraphs immediately following the specific description, the deed refers three times to the above described land. This reference does not appear in the clause regarding the life estate of Ruth Boyd and the grantors' remainder interest.

The deed is reasonably susceptible to more than one meaning and is ambiguous. *Trinity Universal Insurance Company v. Ponsford Brothers,* 423 S.W.2d 571 (Tex. 1968); *Universal C. I. T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951); *Skelly Oil Company v. Archer,* 163 Tex. 336, 356 S.W.2d 774 (1961). The court properly admitted evidence to show the intent of the parties.

*Taylor v. Kerlin,* 327 S.W.2d 793 (Tex.Civ. App.—San Antonio 1959, writ ref. n. r. e.), cited by grantors, is distinguishable. There, no contention was made that the deed was ambiguous.

In view of our holding, it is not necessary to discuss the reformation points urged by the parties.

Judgment of the trial court is affirmed.