CLEMMENS et ux. v. KENNEDY et al.
No. 4416.

Court of Civil Appeals of Texas. Texarkana.
Jan. 18, 1934.

Rehearing Denied Jan. 25, 1934.

the oil royalty" under the "terms of said lease." This refers to the interest of C. C. Clemmens in the whole instead of only a part of his interest in the oil royalty. Although the interest of C. C. Clemmens in the land leased, in keeping with the provision in the lease, and in view of the evidence, be reduced to "less than the entire fee simple title," yet in legal consequence of the grant, not a part only of his interest, but his entire undivided one-half of the whole tract would be included in and covered by the mineral deed. The case of Hoffman, supra, is not decisive of a contrary view and involves a different point of controversy.

Geo. Prendergast, of Marshall, and Edwin Lacy, of Longview, for appellants.

Hatchell & Campbell, Saye, Smead & Saye, C. E. McGaw, and Carrigan, King & Richardson, all of Longview, for appellees.

SELLERS, Justice (after stating the case as above).

■ It is insisted on appeal that there was error in giving a peremptory instruction. In support of the proposition it is urged, first, that, in view of the respective provisions mentioned in the lease to B. A. Skipper and in the mineral conveyance to W. H. Kennedy and others, the mineral conveyance to W. H. Kennedy and others should be construed as conveying to W. H. Kennedy and others one-half only of the royalties in the legal ownership of C. C. Clemmens, which, under the undisputed evidence, would be one-half of C. C. Clemmens' one-half or one-fourth of the royalty of the entire 60 acres. The case of Hoffman v. Magnolia Petroleum Co. (Tex. Com. App.) 273 S. W. 828, 829, is relied upon as being decisive of the point stated. We conclude that the trial court has correctly construed the mineral deed. The conveyance expressly passed an estate of an undivided one-half of the oil under a particularly described tract, and then provided that the grant was subject to an oil and gas lease, "but covers and includes one half (½) of all the oil royalty, and gas rental or royalty, due to be paid under the terms of said lease." The grant is clear and unequivocal of "an undivided one-half interest" in the royalty in the whole 60 acres. And even though it be assumed that the grant is not clear, the deed nevertheless should be construed, as in the Hoffman Case, supra, "against the grantor, rather than against the grantee," as passing the greatest estate possible. The grant was made "subject to the terms" of an oil and gas lease to B. A. Skipper, "but covers and includes one-half of all

■ It is urged, secondly, that: "The case should have been submitted to the jury as to the intention of the parties, as mutual mistake was pleaded and the evidence showed that C. C. Clemmens thought he owned the entire 60 acres at the time of making the mineral deed and the grantee thought that C. C. Clemmens owned the entire 60 acres, and C. C. Clemmens testified that he only intended to sell one-half of the royalties due him under the B. A. Skipper lease."

The above statement is substantially the point of controversy. The error of the written instrument as pleaded was that of inadvertently and by mistake placing in the mineral deed of October 23, 1930, a conveyance of the grantors' "one half interest to the entire 60-acre tract," instead of "one half of grantors' one-half of the minerals in and under said 60-acre tract"; that it was the mutual agreement of both grantors and grantees "to convey to said grantees an undivided one half of grantors' undivided one-half interest, which is the equivalent of one-fourth of the said 60-acre tract, and it was not the intention to convey a greater interest in the minerals than the said one-half interest." The reformation of the instrument was sought so as to effect that change as pleaded. We conclude that the trial court has correctly ruled that the evidence did not establish that the embodying in the deed of the words "an undivided one-half interest," as used in the passing of the estate in particular described 60 acres of land was by mutual mistake and inadvertently done. According to the evidence the parties made no mistake in the preparation and drafting of the conveyance. The evidence likewise shows that C. C. Clemmens actually made sale, and L. T. Zeigler, acting for himself and associates, actually purchased, a one-half undivided interest of the royalty in the entire 60 acres, in the belief that C. C. Clemmens owned the entire

60-acre tract; that the negotiations between the parties for the sale and purchase of the royalty was on the basis of $6 an acre for 30 acres of the 60 acres, aggregating $180. Mr. C. C. Clemmens admitted that he sold and intended to sell "a half interest in my royalty of this 60 acres," in the thought and belief that "I owned the 60 acres of mineral rights." There was no mistake as to the terms, price, and quantity actually agreed upon. The single factual element appearing is that the parties had the mistaken idea that C. C. Clemmens owned the entire 60 acres of land. There is no evidence of an agreement between the parties whereby C. C. Clemmens agreed to convey to W. H. Kennedy and the others an interest of "one-half of C. C. Clemmens' one-half of the entire 60 acres or one-fourth of the royalty of the entire 60 acres." Quoting as applicable a well-established principle from Waco Tap Ry. Co. v. Shirley, 45 Tex. 355: "It is, however, a well-established elementary principle, that, he 'who seeks to rectify an instrument, on the ground of mistake, must be able to prove not only that there has been a mistake, but must be able to show exactly and precisely the form to which the deed ought to be brought, in order that it may be set right according to what was really intended, and must be able to establish, in the clearest and most satisfactory manner, that the alleged intention of the parties to which he desires to make it conformable, continued concurrently to the minds of all parties down to the time of its execution. The evidence must be such as to leave no fair and reasonable doubt upon the mind that the deed does not embody the final intention of the parties.'"

The rule is quoted and approved in Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290. It appears in the evidence that at the time the sale and purchase of the one-half interest in the royalty was made the parties had the mistaken idea that C. C. Clemmens owned the entire 60-acre tract. In the evidence, however, equitable relief of reformation of the deed may not be granted to the grantor, Clemmens, from the consequences of the mistaken idea simply and of itself, not accompanied by fraud or any inequitable conduct of the grantees. It is clear and undisputed in the evidence that the actual agreement was of sale and purchase of 30 acres for $180, and the terms of the agreement were performed and the deed truly embodies and reflects such actual agreement. The court cannot change the contract actually made and truly embodied in the written instrument. Neither can the court make a new contract for the parties.

The pleading asks only to have the deed "reformed so as to speak the true intent of the parties and that the same shall, when so reformed, convey but one-half of grantors' one-half interest in said 60-acre tract." The point is not properly before us, and is entirely aside, of whether equity can grant relief of cancellation, if pleaded and proved in a particular case, of a contract which a party did not intend to make or which he would not have entered into at all events had its effect been understood.

The judgment is affirmed.