Newland, Cornett & Whitworth, of Linden, for appellants.

Carney & Carney and Tom J. Mays, all of Atlanta, for appellee.

### SPELL et al. v. HANES.

#### No. 5531.

Court of Civil Appeals of Texas. Texarkana.

March 27, 1940.

Rehearing Denied April 4, 1940.

WILLIAMS, Justice.

This trespass to try title action, filed August 30, 1937, by Mrs. Kate E. Spell and husband, plaintiffs below, involves the determination of the number of acres of minerals conveyed to L. C. Hanes, defendant below, under a deed executed by T. G. Rodgers and wife on April 15, 1927. This deed reads:

"Know All Men By These Presents:

"That we, T. G. Rodgers, and Opal Rodgers, his wife, for and in consideration of the sum of $125.00 . . . to us cash . . . paid by L. C. Hanes, receipt of which is acknowledged, do hereby grant, sell and convey unto the said L. C. Hanes, and to his heirs and assigns forever, an *undivided one-fourth interest* in and to *all of the* oil, gas and other *minerals,* in, under and upon the following described lands lying within the county of Cass, and State of Texas, to-wit:

[Here follows description by metes and bounds of a 66½ acre and a 12½ acre tract totaling 79 acres, more or less].

subject, however, to a certain oil, gas and mineral lease executed by T. G. Rodgers on the ——— day of ——— 192— unto Ohio Oil Co. on said lands which lease is recorded in Record Book No. — at page — in the office of the Clerk and Recorder of Cass County, Arkansas, and for the said consideration we do hereby *grant and convey* unto the said L. C. Hanes and unto his heirs and assigns the right to collect and receive under the aforesaid lease and such

undivided *one-fourth part and interest* of *all* oil royalties and gas rentals due or that may become due under the aforementioned lease.

"*Above grant is to apply to our undivided interest in and to above described lands.*

"To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said L. C. Hanes, and unto his heirs and assigns forever.

"And we hereby covenant with the said L. C. Hanes that we will forever warrant and defend the title to the above described lands and the rights herein conveyed against all lawful claims whatever."

It is agreed that Rodgers and wife owned a ⅝ undivided interest in above 79 acres at the time he executed this mineral deed. It is without dispute that in 1928 Rodgers and wife conveyed off under a general warranty deed and plaintiffs through mesne conveyances acquired a ⅝ undivided interest in the 79 acres, save and except such mineral interest that Rodgers and wife had theretofore conveyed to Hanes. N. C. Land, not a party to this suit, owned a ⅜ undivided interest that he acquired from the brothers and sister of Rodgers. The terms of the Ohio lease were not introduced in evidence, and evidently terminated under its own provisions. (All italics in this opinion are ours).

Plaintiffs pleaded that they were the owners of an undivided ⅝ interest (37.031 acres) in the minerals, less the undivided interest theretofore conveyed to defendant; and assert that the mineral deed purports to convey to defendant only an undivided interest of ¼ of the ⅝ undivided interest, and defendant acquired only 12.344 mineral acres under the deed. Their prayer is that the deed be so construed, and that they have judgment for title and possession of their claimed 37.031 acres undivided interest, and for removal of cloud from title. Defendant answered with general demurrer, denial and plea of not guilty, and asserted other defenses not necessary to mention. In a cross-action he alleged a trespass to try title action in statutory form covering his claimed 19.75 mineral acres undivided interest. Upon trial to the court without a jury, judgment was rendered which denied plaintiffs any of the relief sought and awarded defendant title and possession of the 19.75 acres on his cross-action.

Plaintiffs predicated their cause of action upon the clause, namely, "Above grant is to apply to our undivided interest in and to the above described land." They contend that by reason of this clause the grant is to be restricted or limited to ¼ of the ⅝ undivided interest at the time owned by Rodgers. It is to be observed that the granting clause reads: " * * * do hereby grant, sell and convey * * * an undivided *one-fourth* interest in and to *all* of the minerals" under the 79 acres, subject to the oil lease. This clause further reads, "do hereby grant and convey *one-fourth part* and interest of *all* oil royalties and rentals to become due under the lease." The grantor in the mineral deed has here twice used the term "all," which is very expressive of the intent that ¼ interest in the entire 79 acres was being conveyed. The term "all" is not ambiguous. In the use of the language "above grant" in the clause which plaintiffs rely upon, the grantor here is saying above conveyance of ¼ in and to all the minerals is to be taken out of our part of the 79 acres. "Above grant" refers to the conveyance of ¼ of all the minerals. This conclusion would be in harmony with the granting clause. It would be in keeping with the warranty clause. To give the clause the construction plaintiffs insist upon, it would become necessary to change and modify the term "one-fourth interest in and to all" so as to read "one-fourth interest of our interest" or "one-fourth interest in a ⅝ interest." Such terms could have been easily used by the grantor at the time, but were not. This court would not be authorized to modify or change these terms. Clemmens v. Kennedy, Tex.Civ.App., 68 S.W.2d 321, 324; Stanolind Oil & Gas Co. v. Barnhill, Tex.Civ.App., 107 S.W.2d 746, 749.

But if it be conceded that the language under construction is ambiguous, it is to be construed so as to confer upon the grantee the greatest estate that its terms will permit. 14 Tex.Jur. 926, Sec. 148; Bolton v. Dyck Oil Co., Tex.Civ.App., 114 S.W.2d 299, 301; 14 Tex.Jur. 916, Sec. 138; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551, 552. Thuss Oil & Gas 2nd Ed. p. 46.

In 1932, subsequent to the date of the mineral deed, plaintiffs and defendant, joined by Land, executed an oil and gas lease to R. W. Norton, covering the 79 acres and an additional 80-acre tract owned by Land. This was a unitized lease, and contained a recital reading:

"It is further agreed by the lessors that the premises leased herein are now owned by lessors as follows:

| Name | Acres | Address |
|------|-------|---------|
| Mrs. Kate Spell | 29.625 | Vivian, La. |
| N. C. Land | 109.625 | Vivian, La. |
| L. C. Hanes | 19.75 | Wink, Texas. |

and that the payment of all rentals or royalties may be made by check. All such payments made to the lessors by lessee on the basis of the number of acres shown above to be owned by them or any of them shall constitute full compliance by lessees of its obligation to make any such payments."

Plaintiffs and Land signed and acknowledged this lease in Louisiana and defendant executed same two weeks later at Wink, Texas. Plaintiffs did not in anywise dispute the execution of the lease or contend its recitals were inserted through mistake. These recitals as to acreage interest are in harmony with and fortify the construction reached that defendant acquired ¼ interest in all the minerals. Exum v. Laub, 5 Cir., 87 F.2d 73; Texas & N. O. R. Co. v. Orange County, Tex.Civ.App., 206 S.W. 539, 544; 14 Tex.Jur. p. 924; Cavazos v. Trevino, 6 Wall. 773, 73 U.S. 773–775, 18 L.Ed. 813; 17 C.J.S., Contracts, page 755, § 325.

The judgment is affirmed.