## KING v. FIRST NAT. BANK OF WICHITA FALLS.

### No. 14698.

Court of Civil Appeals of Texas.
Fort Worth.

June 22, 1945.

Rehearing Denied Sept. 7, 1945.

Marshall & King, of Graham, for appellant.

Harris & Martin, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

On and prior to June 7, 1939, the fee title to a certain tract of land in Young County was owned by appellant, B. W. King, and by J. E. Duncan, each owning an undivided half interest. On that date Duncan conveyed his half interest to appellant, reserving, however, an interest in the oil, gas and other mineral royalty. The controversy here concerns the amount of royalty so reserved by Duncan, the grantor.

The provisions of such deed relating to the royalty reservation read as follows:

"The grantor hereby reserves unto himself, his heirs, successors and assigns for a period of ten (10) years only from this date an undivided one-eighth (1/8) of the usual and customary one-eighth royalty interest reserved by the land-owner in oil and gas and other minerals that may be produced from the hereinabove described land; the grantee, his heirs and assigns shall have the right and privilege of making, executing and delivering oil and gas leases on said land and shall receive all bonuses, rentals and renewals derived from the giving of or execution of any such oil and gas leases provided, however, any oil and gas lease so given shall provide for a royalty of not less than one-eighth of the oil and gas and other minerals produced, saved and sold from the said land.

"The grantor, his heirs and assigns, shall never be required or entitled to join in the execution of any oil and gas lease on said land but the grantee, his heirs and assigns shall give such oil and gas leases.

"(By the term royalty as used in this reservation is meant the usual and customary one-eighth of all oil and gas and other minerals produced, saved and sold from the premises).

"This reservation shall terminate at the expiration of ten (10) years from this date and the reserved estate shall revert to the grantee, his heirs and assigns."

It is the contention of appellant that the royalty reservation reserved to Duncan, the grantor, one-eighth of one-half of one-eighth of the royalty, and not one-eighth of the entire one-eighth royalty. The trial court rejected appellant's construction of the reservation, and held, in a trial without

a jury, that the deed reserved to Duncan one-eighth of the entire one-eighth royalty.

■ It is settled that a grantor, in a case such as this, may reserve an interest in the minerals, or may merely reserve an interest in the royalty. Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543. There is no disagreement between the parties here over the fact that the deed reserves only an interest in the royalty. The difference is only as to the amount of the fractional interest of the royalty so reserved.

■■ Appellant asserts, correctly, that we should endeavor to ascertain the intention of the parties, and especially that of the grantor, from the words used, and that, in event of doubt, the deed should be construed against the grantor and in favor of the grantee. He also asserts that we should interpret the words used in connection with the subject matter of the deed and the surrounding circumstances. His argument is that Duncan conveyed only a half interest in the land, and that he undertook to reserve only one-eighth of the half of the royalty which was, except for the reservation, conveyed as a part of the fee simple estate granted by the deed. Appellant says that if we will give effect to all parts of the deed, and to every word therein, we will conclude that the deed evinces an intention to reserve only one-eighth of one-half of the usual one-eighth royalty.

We find no fault with the rules of construction announced, but differ with appellant in the application of the rules to the reservation contained in this deed.

The only decision cited by appellant, involving a reservation of royalty, or mineral interest, in a deed conveying a fractional interest, is that in Hooks v. Neill, Tex.Civ. App., 21 S.W.2d 532, 534, writ of error refused. We have given careful study to that decision, and believe that it is not in conflict with the view we have arrived at in this case, or with the decisions in two other cases cited infra. In Hooks v. Neill, the grantors owned a half interest in the land in question. They conveyed their interest by warranty deed, reserving to themselves, to quote from the deed, "a one thirty-second part of all oil on and under the said land and premises herein described and conveyed." The dispute between the parties was somewhat the same dispute that we have here, the grantors claiming that they reserved one thirty-second of all the oil, the grantee claiming that they reserved

only one thirty-second of half the oil. In discussing the reservation clause, the phrase "and conveyed" is italicized in the court's opinion. The court held that it was clear from the language used that the grantors reserved one thirty-second part of the oil on and under the land and premises conveyed, and that the premises conveyed was not more than a one-half undivided part of the land in controversy.

■ The deed before us, however, does not limit the interest reserved to one-eighth of the royalty in the land described "and conveyed," but reserves, without qualification, "one-eighth of the usual and customary one-eighth royalty interest reserved by the land-owner in oil and gas and other minerals that may be produced from the hereinabove described land." The deed defines royalty as being "the usual and customary one-eighth of all oil and gas and other minerals produced, saved and sold from the premises."

It seems to us that the deed is clear and unambiguous, and that it shows an intention to reserve one-eighth of all the royalty. To give the deed the meaning contended for by appellant, we should have to interpolate into the deed, either the phrase "one-half" before the phrase "of the usual and customary one-eighth royalty interest reserved by the land owner in oil and gas and other minerals that may be produced from the hereinabove described land," or, to bring the case within the holding in Hooks v. Neill, supra, the phrase "and conveyed" at the end of the phrase last quoted.

Appellee cites two cases which seem to us to be more nearly in point than the case cited by appellant.

In Clemmens v. Kennedy, Tex.Civ.App., 68 S.W.2d 321, 322, writ of error refused, Clemmens owned a half interest in the land in question. He executed a conveyance in favor of Kennedy and others, granting, to quote from the deed, "An undivided one half (1/2) interest in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Gregg County, Texas, to-wit:" (Describing the land by metes and bounds.) Clemmens argued that he had conveyed only half of the proportion of royalty and rents which were payable to him under the lease as the owner of half the fee. The court held that he conveyed half of the entire royalty, and not half of the half which was payable to him under the lease. The facts of the Clem-

mens case are stronger, perhaps, in favor of the theory advanced by appellant here than are the facts of the present case. As we view it, the decision in the Clemmens case, having the approval of the Supreme Court by virtue of the refusal of the application for writ of error, is decisive authority against appellant's contention in this case.

In Spell v. Hanes, Tex.Civ.App., 139 S. W.2d 229, writ dismissed, correct judgment, Rogers and wife owned a five-eighths interest in the land in question. They executed a conveyance in favor of L. C. Hanes, granting to him, to quote from the deed, "an undivided one-fourth interest in and to all of the oil, gas and other minerals, in, under and upon the following described lands," (describing the land). The deed also contained the following clause: "Above grant is to apply to our undivided interest in and to above described lands." The conveyance was expressly made subject to an outstanding lease, and included an "undivided one-fourth part and interest of all oil royalties and gas rentals due or that may become due under the aforementioned lease."

The successors in title of said grantors claimed that the deed purported to grant only an undivided interest of one-fourth of the five-eighths interest, and not one-fourth of all the minerals (subject to the outstanding lease). The court held against this theory, saying that the deed was unambiguous, and that, to construe the deed as conveying only one-fourth of the five-eighths, the term "one-fourth interest in and to all" would, have to be modified so as to read, "one-fourth interest of our interest," or "one-fourth interest in a 5/8 interest." The court said: "Such terms could have been easily used by the grantor at the time, but were not." The court cited and followed Clemmens v. Kennedy, supra.

Appellant argues that parol evidence was admissible to show the intention of the parties in the use of the terms employed. We think, as did the court in each of the cases above cited, that the terms of the deed before us are clear and unambiguous, and that resort to parol evidence for an interpretation of the deed is both unnecessary and improper. But the parol evidence offered was only to the effect that the usual royalty is one-eighth, and that in the usual oil and gas lease there is a provision to the effect that if the lessor owns

a lesser interest than the entire fee, his proportion of the rents and royalties shall be reduced accordingly.

Finding no error, we affirm the judgment of the trial court.