A. H. McELMURRAY et ux., Appellants,

v.

W. W. McELMURRAY et al., Appellees.

No. 3095.

Court of Civil Appeals of Texas.

Eastland.

July 9, 1954.

Rehearing Denied Sept. 10, 1954.

Calloway Huffaker, Tahoka, for appellants.

George Outlaw, Sweetwater, Shank, Dedman & Payne, Dallas, Ramey, Calhoun, Brelsford & Hull, Tyler, Nunn & Griggs and Beale & Yonge, Sweetwater, McMahon, Springer, Smart & Walter, Abilene, for appellees.

COLLINGS, Justice.

This is a suit in trespass to try title brought by A. H. McElmurray and wife. The controversy concerns the construction of a mineral reservation in a deed from defendants, W. W. McElmurray and wife, to A. H. McElmurray. The case was tried before the court upon an agreed statement of facts substantially as follows: Prior to September 4, 1920, W. W. McElmurray and A. H. McElmurray, who are brothers, each owned under a deed from their father, G. M. McElmurray, an undivided one-half interest in the surface and mineral estate in two tracts of land being: the West one-half of the Northwest one-fourth of Section 33, and 55 acres out of Section 32, all in Block No. 19, T. & P. Ry. Co. Survey in Nolan County, Texas.

On September 4, 1920, W. W. McElmurray executed the following deed:

"The State of Texas ⎫ Know All Men By
County of Nolan ⎭ These Presents:

"That W. W. McElmurray and wife, Bertha Olevia McElmurray of the County of Nolan State of Texas for and in consideration of the sum of Four Thousand Twenty ($4020.00) * * * Dollars to me in hand paid

by A. H. McElmurray, and secured to be paid by A. H. McElmurray as follows: (describing three vendor's lien notes).

*"It is further understood and agreed that W. W. McElmurray hereby reserves and is the lawful owner of one-half the undivided interest on any and all mineral, oil and gas rights existing in and under the land herein described. The same being an undivided one-half interest therein to any all all minerals, oil and gasses in and under the following described land.* (Emphasis added). have Granted, Sold and Conveyed, and by these presents to Grant, Sell and Convey, unto the said A. H. McElmurray, our undivided interest in all the land described here below.

"of the County of Nolan State of Texas all that certain tract, piece and parcel of land situated in Nolan County, Texas and described as follows: to-wit: The West one-half (1/2) of the Northwest one-fourth (1/4) of Section No. thirty-three (33) Block No. 19 (19) T & P Ry land located in Nolan County. A strip of land fifteen feet wide is reserved along the west side of this tract for road purposes.

"Tract No. two as follows:—

"A tract or parcel of land lying and being situated in the county of Nolan State of Texas, described by metes and bounds as follows, to-wit: Beginning at a stone set in the ground the S.W. Corner of Section No. thirty-two (32) Block No. 19 T & P Ry land, survey—(Setting out detailed metes and bounds description).

"To Have And To Hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said A. H. McElmurray heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said A. H. McElmurray heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

"Witness our hands at Trent, Texas this 4th day of September, 1920. W. W. McElmurray Bertha Olevia McElmurray."

That the title to the surface of the land is in the plaintiff, A. H. McElmurray, is not questioned. He already owned a one-half interest in the surface to such land and by the above deed acquired the remaining one-half interest in the surface therein. The issue involved is the construction of the mineral reservation contained in the deed. The underscored portion of the deed, as above set out, is the language in controversy. Plaintiff, A. H. McElmurray, contends that the effect of such reservation was to reserve to the grantors W. W. McElmurray and wife, one-half of the undivided one-half interest in the minerals owned by them, or one-fourth of all the minerals under the land in question and that the remaining one-fourth interest in all such minerals were conveyed to him; that he, therefore, now owns three-fourths of all the minerals in and under such land. W. W. McElmurray contends that by such reservation he retained all of the minerals that he owned in the land, that is, an undivided one-half interest in the minerals therein.

It was found by the court that the provision of the deed concerning such mineral reservation was not ambiguous and that extrinsic evidence as to the intention of the parties was not admissible; that the effect of such provision was to reserve to the grantor, W. W. McElmurray, an undivided one-half interest in and to all the minerals under the entire tract of land in controversy. Based upon such findings, judgment was entered for the defendants, W. W. McElmurray and wife, and those who hold under them for title and possession of an undivided one-half interest in all the minerals in and under such land.

A. H. McElmurray and wife have appealed.

■ In our opinion, the court did not err in holding that the meaning of the mineral reservation in question was that there was reserved to the grantors, W. W. McElmurray and wife, an undivided one-half interest in and to all the oil, gas and other minerals in and under the land described in such deed. The correctness of the holding could hardly be better demonstrated than by a quotation of the first sentence of the reservation which reads as follows:

"It is further understood, and agreed that W. W. McElmurray hereby reserves and is the lawful owner of one-half the undivided interest on any and all mineral oil and gas rights existing in and under the land herein described."

The effect of this language is that the grantor "hereby reserves and is the owner of" a certain described mineral interest. The mineral interest owned by the grantor was as stated, "one-half the undivided interest on any and all mineral, oil and gas rights existing in and under the land herein described * * *." The deed provides that the grantor "hereby reserves" such interest. It is to be noted that the mineral interest owned by the grantor and that reserved by him are the same. It is our opinion that the grantor, W. W. McElmurray, by the words "hereby reserves and is the owner of" plainly intended to reserve all the mineral interest that he owned in such land. The second sentence of the reservation then proceeds to again describe the mineral interest which the grantor owned and reserved in these words:

"The same being an undivided one-half interest therein to any and all *all*

minerals, oil and gasses in and under the following described land."

Not only does the language of the reservation indicate that the grantor reserved the exact mineral interest he owned, and that the mineral interest owned and reserved was a one-half interest, but it further indicates that such one-half mineral interest owned and reserved covered "any and all * * * minerals * * * in and under the following described land." The reservation is not a one-half interest in the minerals "owned" nor is it a one-half mineral interest in the "land conveyed." See Hooks v. Neill, Tex.Civ.App., 21 S.W.2d 532; Dowda v. Hayman, Tex. Civ.App., 221 S.W.2d 1016. But it is, as stated, an undivided one-half interest in all minerals in and under "the following described land."

The trial court did not err in holding that the deed in controversy reserved to the grantors an undivided one-half interest in and to all of the minerals in and under the land described therein. King v. First Nat. Bank of Wichita Falls, 144 Tex. 583, 192 S.W.2d 260, 163 A.L.R. 1128; Humble Oil & Refining Co. v. Harrison, 146 Tex. 216, 205 S.W.2d 355; Lacy, Inc. v. Jarrett, Tex.Civ.App., 214 S.W.2d 692 (Err. Ref.); Clemmens v. Kennedy, Tex.Civ.App., 68 S.W.2d 321 (Writ Ref.); Branham v. Minear, Tex.Civ.App., 199 S.W.2d 841 (N.R. E.); Spell v. Hanes, Tex.Civ.App., 139 S. W.2d 299.

■ We overrule appellants' points by which it is contended that the court erred in holding the mineral reservation in the deed to be unambiguous and in holding inadmissible extrinsic evidence as to the intention of the parties.

The judgment of the trial court is affirmed.