**Triphene MIDDLETON et al., Petitioners,**

v.

**Louis M. BROUSSARD et al., Respondents.**

**No. B–4124.**

Supreme Court of Texas.

Jan. 16, 1974.

Rehearing Denied Feb. 28, 1974.

■■■■■■■■■■■■■■■

————◆————

Pickett & Pickett, Bradford Pickett and Edward B. Pickett, Liberty, for petitioners.

Ross, McLemore & Collie, Dan Collie, Beaumont, T. F. Green, Jr., Conroe, for respondents.

POPE, Justice.

Louis M. Broussard and others instituted this suit to obtain a judgment construing a deed and declaring what royalty was conveyed by the Broussards' deed to R. M. Middleton. Plaintiffs are the successors in title of the original grantors, and the defendants, Triphene Middleton and others, are the successors in title of the original grantee, R. M. Middleton. The Broussards executed and delivered the deed in question to Middleton on November 4, 1940. The trial court agreed with the construction of the deed urged by the Middletons and construed the deed as a conveyance of a one-sixty-fourth royalty interest in all of the lands described in the deed. The court of civil appeals reversed that judgment and construed the deed as a conveyance of only a one-sixty-fourth royalty interest in certain undivided interests in the lands described. 496 S.W.2d 766. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The deed which is the subject of this suit, executed by the Broussards to Middleton, conveyed several different interests and tracts of land. The granting clause and the questioned descriptions are as follows:

### The Broussard-Middleton Deed

. . . have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto the said R. M. Middleton, of the County of Chambers, State of Texas, (subject, however, to the exception and reservation of all the oil, gas and other minerals, also a certain right-of-way deed for a ditch, as hereinafter specifically indicated) all those certain tracts or parcels of land situated in Chambers County, Texas, about seven or eight miles southeast of the town of Anahuac, and *also a one-sixty-fourth (1/64) royalty right and interest in and to said tracts of land,*[1] and both the said tracts of land and the said one-sixty-fourth (1/64) royalty right and interest therein, being particularly described as follows:

FIRST: An undivided twenty-two-thirty-seconds (22/32) interest (795.5 acres) in and to 1157 acres of the R. E. Booth League, which was patented to R. E. Booth by Patent No. 368, Volume 7, dated April 24th, 1848, [then follows a description of the 1157 acres by deed and record references].

SECOND: An undivided three-fourths (3/4) interest (99.4 acres) in and to that certain tract of land containing 132.6 acres, and known as Survey No. 178, which was patented to Erastus Moss by Patent No. 177, Volume 9, dated December 12th, 1883, and of record in Vol. D, page 255, of said deed records.

THIRD: An undivided three-fourths (3/4) interest (480 acres) in and to Survey No. 74, containing 640 acres, patented to H&TC Ry. Co. by Patent No. 421, [then follows a description by deed and record references].

FOURTH: An undivided three-fourths (3/4) interest (480 acres) in and to Survey No. 76, containing 640 acres, patented to H&TC Ry. Co. by Patent No. 423, [then follows a description by deed and record references].

FIFTH: An undivided three-fourths (3/4 interest (480 acres) in and to Survey

---

1. All emphasis has been added throughout this opinion.

No. 80, containing 640 acres, patented to H&TC Ry. Co. by Patent No. 418, [then follows a description by deed and record references].

SIXTH: An undivided three-fourths (¾) interest (615.2 acres) in and to Survey No. 82, containing 820.3 acres, patented to E. Moss by Patent No. 419, [then follows a description by deed and record references].

SEVENTH: An undivided three-fourths (¾) interest (692.5 acres) in and to that certain 923 acres of Survey No. 180, containing 1023 acres, patented to John B. Murray by Patent No. 72, [then follows a description by deed and record references].

EIGHTH: All of that certain 100 acre tract of land, a part of the said J. B. Murray survey No. 180, and being the same 100 acre tract which was conveyed by E. Moss to J. T. Moss by deed dated June 14th, 1897, and of record in Vol. I, page 515, of said deed records.

NINTH: *An undivided one-sixty-fourth (¹⁄₆₄) royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced and saved from all of the above described land and premises,* and the said one-sixty-fourth (¹⁄₆₄) royalty interest to be delivered free of expense to the grantee herein, his heirs or assigns, on the land at the well or wells producing the same into the tanks or pipe lines in the usual manner to the credit of the grantee, his heirs or assigns.

It is, however, expressly agreed and understood by and between the grantors and grantee herein, that the grantors save and except out of this conveyance and retain and reserve unto and for themselves, their successors, heirs and assigns, forever, all of the oil, gas and other minerals in and under and that may be produced from all of the above described land, together with the right of ingress and egress incident to the owner-

ship of said oil, gas and other minerals, and to explore, prospect, drill and mine for and produce the said oil, gas and other minerals, and to take care of, treat, transport and market the same, but it is further expressly agreed and understood that such retention and reservation is subject to the one-sixty-fourth (¹⁄₆₄) royalty interest in and to all of the said oil, gas and other minerals which is hereby conveyed to the grantee as above stated.

Neither party contends that the above deed is ambiguous; therefore, our problem is to determine the parties' intent by construing the language of the deed. Newsom v. Newsom, 378 S.W.2d 842 (Tex.1964); Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166 (1953). The Middletons, grantees under the deed, urge that the deed conveyed a one-sixty-fourth royalty interest in one hundred percent of the production from the entire tracts out of which the fractional surface interests are carved. The Broussards, grantors, contend that the deed's royalty provision granted only an undivided one-sixty-fourth royalty interest in the undivided fractional interests conveyed.

The question is whether the one-sixty-fourth royalty extends to the land *described* in the deed or only to the land *conveyed* by the deed. This is the question which was presented in Hooks v. Neill, 21 S.W.2d 532 (Tex.Civ.App.1929, writ ref'd). The grantors in *Hooks* owned an undivided one-half interest in one acre of land; they conveyed all of their right, title and interest, reserving in themselves "a one thirty-second part of all oil on and under the said land and premises herein described and conveyed." Later they sued asserting that they had reserved from the conveyance one-thirty-second of all oil produced from the entire tract. In construing the deed, which neither party asserted was ambiguous, the *Hooks* court emphasized the words "and conveyed" and stated, "the exceptions or reservations embraced in [the deed] must be held to refer only to the interest which [the grantors] have in the

land and ore which they conveyed." The court concluded that the deed reserved only one-thirty-second of one-half the oil and gas under the tract, or one-sixty-fourth.

■ *Hooks* and the cases following it have generated a distinction between language referring to fractional interests in land *described* in the deed and language referring to fractional interests in land *conveyed* by the deed. See R. Hemingway, Law of Oil and Gas § 3.2, at 89 (1971). The rule established in those cases is now well entrenched in Texas oil and gas law: "Where a fraction designated in a deed is stated to be a mineral interest in land described in the deed, the fraction is to be calculated upon the entire mineral interest;" conversely, "[W]here a fraction designated in a reservation clause is stated to be a mineral interest in land conveyed by the deed, the fraction is to be calculated upon the grantor's *fractional* mineral interest . . .." Barber, Duhig to Date: Problems in the Conveyancing of Fractional Mineral Interests, 13 S.W.L.J. 320, 322–23 (1959); and see 1 H. Williams and C. Meyers, Oil and Gas Law § 312.2 (1972 ed.); 1 E. Kuntz, Oil and Gas § 14.5, at 331 (1962).

We are concerned with a royalty fraction designated in a granting clause rather than one designated in a reservation clause as was the case in *Hooks,* but this fact does not prevent application of the "conveyed" rule. In logic, the rule operates whether the deed grants or reserves a fractional part of an interest identified as "the land conveyed."

The *Hooks* rule was also applied in Clack v. Garcia, 323 S.W.2d 468 (Tex.Civ. App.1959, no writ). There, the grantor, who owned one-eighth of the surface and one-sixteenth of the minerals in a one-hundred-acre tract, conveyed the surface, reserving "an undivided one-sixteenth (¹⁄₁₆th) interest (same being one-half of the usual one-eighth royalty) in and to all of the oil, gas and other minerals in, to, under and that may be produced from the interest of

said grantors in said land." Later the grantor claimed that his reservation was one-sixteenth of one-eighth (¹⁄₁₂₈ royalty). The court held, citing *Hooks,* that the grantor had reserved a royalty described as one-sixteenth of his one-sixteenth interest in the minerals, or ¹⁄₂₅₆. Similarly, in Dowda v. Hayman, 221 S.W.2d 1016 (Tex.Civ. App.1949, writ ref'd), the grantors conveyed their undivided fourteen-sixteenths interest in a tract of land, reserving to themselves "one half of all oil, gas and minerals of whatever kind on and under the premises herein *conveyed.*" Rejecting the grantors' contention that they had reserved one-half the total minerals, the court held that the case fell within the *Hooks* rule and that the grantors had reserved only one-half of fourteen-sixteenths of the minerals.

■ From the words in the Broussard deed, it appears that the grantors intended to convey the one-sixty-fourth royalty in all of the lands described. The deed does not limit the royalty to the lands "conveyed." It describes certain tracts and surveys out of which the Broussards granted a lesser undivided surface estate. The grantors reserved all of the minerals in those tracts and surveys, and then they granted a one-sixty-fourth royalty "in and to said tracts of land . . . being particularly described as follows." Paragraph Second of the deed shows what was meant by the word "tract" by identifying the interest conveyed as "an undivided three-fourths (¾) interest (99.4 acres) in and to that certain *tract of land* containing 132.6 acres . . .." Paragraphs Third through Seventh used the word "survey" rather than "tract" but Paragraph Eighth again used the word "tract." The words were used interchangeably to convey surface interests out of described tracts and surveys.

The Broussard deed does not purport to limit the royalty interest to what was conveyed. The grantors by their Paragraph Ninth in the deed state that the royalty grant is "An undivided one-sixty-fourth

($\frac{1}{64}$) royalty interest in and to *all* of the oil, gas and other minerals in and under and that may be produced and saved from *all* of the above described land and premises . . .." We conclude under the *Hooks* rule that the grantors conveyed the one-sixty-fourth royalty to all of the lands described. King v. First National Bank of Wichita Falls, 144 Tex. 583, 192 S.W.2d 260 (1946); McElmurray v. McElmurray, 270 S.W.2d 880 (Tex.Civ.App.1954, writ ref'd); Spell v. Hanes, 139 S.W.2d 229 (Tex.Civ.App.1940, writ dism'd jdgmt. cor.).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.