**James R. AVERYT, Individually and as Trustee for R.M. Hopkins, Jr., Appellants,**

v.

**GRANDE, INC., Appellee.**

No. 9185.

Court of Appeals of Texas, Texarkana.

Dec. 18, 1984.

Rehearing Denied Feb. 6, 1985.

Stanley J. Krist, Christie Condara, Krist, Kinney, Puckett & Riedmueller, Houston, for appellants.

William J. Ehlert, Spinn, Ehlert, Spinn, Weisler & Weisler, Brenham, for appellee.

HUTCHINSON, Justice.

James R. Averyt, Individually and as Trustee for R.M. Hopkins, Jr., brings this appeal claiming the trial court erred in its construction of a royalty reservation in a deed and in its failure to file findings of fact and conclusions of law.

On September 30, 1977, Grande, Inc. conveyed certain property by general warranty deed to the Fogelmans. Averyt and Hopkins subsequently acquired the Fogelmans' interest by assumption deed. Averyt, in both capacities, brought this suit seeking a declaration of the portion of the mineral interests that were granted to the Fogelmans in the Grande, Inc. to Fogelman deed. The deed conveys two tracts of land, the first being 86.82 acres and the second 0.03 acres. Averyt, on appeal, is interested only in the first tract.

The pertinent portions of the Grande-Fogelman deed are as follows:

[T]hat Grande, Inc. ... have GRANTED, SOLD and CONVEYED, ... unto the said Gordon V. Fogelman and wife, Clarice E. Fogelman, ... the following described real estate:

FIRST TRACT:

All that certain tract or parcel of land, situated in Fayette County, Texas, ...:

....

[C]ontaining 86.82 acres of land.

SECOND TRACT:

An undivided ½ interest in and to all that certain tract or parcel of land, situated in Fayette County, Texas, ...:

....

[C]ontaining 0.03 acre of land.

LESS, HOWEVER, AND SUBJECT TO an undivided ½ interest in the oil, gas, sulphur, and all other minerals, described in that deed from Rubie Keilers and Annie Keilers, to Texas Osage Co-operative Royalty Pool, et al, dated May 2, 1930, and recorded in Volume 152, Pages 75–76, Deed Records of Fayette County, Texas.

LESS, ALSO, AND SUBJECT TO certain rights granted to Fayette Electric Cooperative, Inc., by an instrument in writing from David Rivers, et ux, dated June 7, 1945, and recorded in Volume 217, Page 271, Deed Records of Fayette County.

There is hereby excepted from this conveyance and reserved to Grantor, its successors and assigns, an undivided ¼th of the royalty covering all of the oil, gas and other minerals, including but not limited to uranium, coal, lignite, iron, gold, silver, and all other minerals, whether or not now known to be valuable and whether by drilling, strip mining, or any other method, in,

to and under or that may be produced from the lands above described to be paid or delivered unto the Grantor, its successors and assigns, free of cost to it from royalty oil, gas, and other minerals, as above defined, forever. Said interest hereby reserved is a non-participating royalty interest and shall not participate in the bonuses paid for any oil, gas and other minerals lease, as above defined, covering said lands, nor shall it participate in the money rentals which may be paid to extend the time within which a well may be begun under the terms of any lease covering said lands. It shall not be necessary for the Grantor, its successors or assigns, to join in the execution of any lease covering said royalty interest herein reserved and the said Grantees, their heirs or assigns, shall have the right to lease said lands for oil, gas and other minerals, as above defined, provided, however, that all such leases shall provide for a royalty of not less than ⅛th.

. . . .

TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Gordon V. Fogelman and wife, Clarice E. Fogelman, their heirs and assigns, forever. And Grande, Inc., does hereby bind itself and its successors, to warrant and forever defend, all and singular, the said premises unto the said Gordon V. Fogelman and wife, Clarice E. Fogelman, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof.

■ We must determine whether Grande, Inc., reserved one-fourth of the royalty of the entire 86.82 and 0.03 acres or one-fourth of the royalty of Grande's one-half mineral interest at the time of the conveyance. Both parties agree that the deed is unambiguous, and the court must construe the language therein to ascertain the true intent of the parties, *Middleton v. Broussard*, 504 S.W.2d 839 (Tex.1974), and that parol evidence as to the parties' construction of said language is immaterial and not admissible. *First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Ross & Sensibaugh v. McLelland*, 262 S.W.2d 205 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). The unambiguous deed must be given the legal effect resulting from a construction of the language contained within the four corners of the instrument. All parts of the instrument must be given effect, if possible to do so, without violating any legal principals. *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166 (1953).

■ As used in conveyances, "subject to" is a term of qualification and not of contract. *Kokernot v. Caldwell*, 231 S.W.2d 528 (Tex.Civ.App.—Dallas 1950, writ ref'd). "Subject to" clauses in deeds protect the warranty and limit the grant. These terms in their ordinary sense mean "subservient to" or "limited by." *Cockrell v. Texas Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672 (1956); 5 Lange, Texas Civil Practice in District and County Courts § 721 (1961). *See also, Bass v. Harper*, 441 S.W.2d 825 (Tex.1969). The covenant of general warranty extends only to what is granted or what purports to be granted by the deed. *Benge v. Scharbauer*, supra. In this case the "less, however, and subject to" clause concerning the prior one-half mineral interest conveyance does not limit the description of the land area described in the two tracts of the Grande, Inc. to Fogelman deed. It is not part of the land description. This clause limits the granting or conveyance of the mineral interest from Grande, Inc. to the Fogelmans, thereby protecting the general warranty in the deed and avoiding an estoppel situation as in *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940).

■ The royalty interest reserved by Grande, Inc. is that "undivided ¼th of the royalty ... that may be produced from the *lands above described* ...." (Emphasis added). The terms "covering said lands," appearing twice, and "said lands," appear-

ing once, in the same royalty reservation are terms subsequent to and referring to the "lands above described," being the first and second tracts. We find that the language used in this deed reservation is controlled by *Middleton v. Broussard*, supra; and *King v. First Nat'l Bank of Wichita Falls*, 144 Tex. 583, 192 S.W.2d 260 (1946), and not by *Hooks v. Neill*, 21 S.W.2d 532 (Tex.Civ.App.—Galveston 1929, writ ref'd). The *Hooks* case dealt with a reservation term of "lands herein described and conveyed," thereby limiting the reservation to the fraction of the mineral interest *conveyed* by the grantor. Here, the reservation terms of "lands herein described," "covering said lands," and "said lands" refer to the land itself rather than the granted interest or interest conveyed therein. *Middleton v. Broussard*, supra; *King v. First Nat'l Bank of Wichita Falls*, supra; 1 Kuntz, Law of Oil & Gas § 14.5 (1962). The royalty fraction reserved is construed to refer to the entire mineral interest as was determined by the trial court in this cause, and therefore Grande's reserved royalty is a nonparticipating one-fourth of the royalty of the entire acreage.

We find that Averyt has waived his right to complain on appeal of the trial court's failure to file the requested findings of fact and conclusions of law. Tex.R. Civ.P. 296 requires the trial court to state findings of fact and conclusions of law when a request is filed within ten days from the rendition of the final judgment. The trial court then has thirty days after the judgment is signed or a motion for new trial is overruled to prepare his findings and conclusions. If he fails to prepare the findings, the party demanding them must complain of the failure in writing within five days after such period. Tex.R.Civ.P. 297.[1] When the party fails to bring it to the judge's attention he cannot complain on appeal of the failure to file findings and conclusions. *Peterson Sales Co. v. Mica, Inc.*, 623 S.W.2d 679 (Tex.Civ.App.—Hous-

ton [1st Dist.] 1981, no writ). A party waives the right to complain on appeal when it fails to give timely notice of the trial court's omission to enter requested findings of fact and conclusions of law. *Martinez v. Martinez*, 608 S.W.2d 719 (Tex.Civ.App.—San Antonio 1980, no writ); *Lynch v. Exxon Pipeline Co.*, 545 S.W.2d 55 (Tex.Civ.App.—Waco 1976, no writ); *Associates Dev. Corp. v. Air Control Prod., Inc.*, 392 S.W.2d 542 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.

---

**1.** Although Rules 296 and 297 were amended, effective April 1, 1984, these requirements are substantially still the same.