Ollie KING et al., Appellants,

v.

Lon H. CRON et al., Appellees.

No. 12898.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1955.

Rehearing Denied Jan. 11, 1956.

Thos. H. Dent, Galveston, for appellant.

I. M. Wilford, Houston, for appellee.

NORVELL, Justice.

This cause was submitted in this Court on September 7, 1955, and at the request of the parties oral argument was heard on the 23rd day of November, 1955. At this time a request was made to amend appellants' brief or file a substitute in lieu of the original, so that another and different theory might be urged as a ground for the reversal of the trial court's judgment. This request to amend the brief has been considered by the Court and is refused, as the amendment requested would require the filing of new and different points of error after the case had been submitted and unreasonably delay the disposition of the appeal in this Court.

Rule No. 414, Texas Rules of Civil Procedure, provides that the appellant's brief shall be filed in the Court of Civil Appeals within thirty days after the filing therein of the transcript and statement of facts, if any. Rule 418 prescribes that such brief shall contain a statement of points upon which the appeal is predicated. The appellee is then allowed twenty-five days in which to file a brief in reply to that submitted by appellant. Rule 414. After parties have been allowed the opportunity to brief their respective contentions, the case is ready for submission to the Court for disposition. Litigants are

entitled to a prompt and expeditious determination of appeals, and it is readily apparent that the effect of granting appellants' request would be to allow them to "start over" so to speak, and require a rebriefing by all parties. Although the briefing rules are to be liberally construed, Rules 422 and 431, they should not be so liberalized or extended so as to permit an appellant to completely change his grounds after submission of an appeal in the absence of most extraordinary circumstances. 3A Tex.Jur. 136, § 168.

The record in this case discloses additional reasons why the requested amendment should be refused. As a result of a pre-trial conference in the court below, the judge entered an order embodying numerous stipulations of the parties. It was agreed that the court should construe certain mineral deeds in the light of these stipulations. The statement of facts in this case consists solely of certified copies of seven written instruments and by necessary inference the order of the trial judge above mentioned setting forth the stipulations of the parties.

The transcript discloses that appellants filed a "Statement of the Points to be Relied On", in accordance with the provisions of Rule 377–a, which provides that,

> "For the purpose of inducing the opposing party to accept an abbreviated transcript or statement of facts, the appellant, or the appellee to the extent that he complains of the judgment or any part thereof, may file with the clerk of the trial court a statement of the points on which he intends to rely on appeal; and he shall thereafter be limited to such points."

■ Appellants having invoked the provisions of Rule 377–a, are necessarily bound thereby, and this Court may not consider grounds of error other than those set forth in said statement of points. Although a total of eight points were filed, they present the single contention that the trial court erred in holding that appellants held no interest in the minerals underlying a tract of 82.75 acres of land situated in Victoria, Texas, because their remote predecessors in title had executed four deeds which operated to convey the entire mineral interest prior to the date of the conveyance to appellants' immediate predecessor in title. The conveyances involved were: (1) deed from Martin Marshall and wife to L. E. Giestman, dated February 1, 1930, (2) correction deed from Martin Marshall and wife to L. E. Geistman, dated August 17, 1935, (3) deed from Martin Marshall and wife to H. T. Wick, dated April 25, 1935, and (4) deed from Martin Marshall and wife to H. T. Wick, dated October 22, 1935.

The order entered at the conclusion of the pre-trial conference recited that it was agreed that the correction mineral deed to Geistman operated to vest in the grantee title to one-half of the minerals, and that the court should determine, without the aid of extrinsic evidence, whether each of the mineral deeds to Wick conveyed a one-fourth interest in the minerals or a one-fourth interest of whatever proportion of the minerals Marshall and wife owned at the date of the respective conveyances. In both of the deeds to Wick the property conveyed is described as, "an undivided one-fourth ($\frac{1}{4}$th) interest in and to all of the oil, gas and other minerals in and under the" 82.75 acres of land involved. Both deeds also contained a provision for reverter "in case there is no paying production on said land on the 25th day of April, 1985, and for six months thereafter."

■ It is appellants' contention, that as Marshall and wife owned but one-half of the minerals at the time (April 25, 1935) they executed the first deed to Wick, such deed operated to convey but one-fourth of one-half of the minerals and that as Marshall and wife owned but three-eighths of the minerals ($\frac{1}{2}$ less $\frac{1}{4}$ of $\frac{1}{2}$) when the second deed was executed (October 22, 1935), such conveyance passed title to only $\frac{1}{4}$ of $\frac{3}{8}$ of the minerals, leaving the Marshalls vested with $\frac{9}{32}$ of the minerals ($\frac{3}{8}$ less $\frac{1}{4}$ of $\frac{3}{8}$) which subsequently passed by mesne conveyances to appellants. As the parties agreed below that the deeds should

be construed without the aid of extrinsic evidence, there can be no question of reformation in the case, and we find no basis for appellants' theory of construction contained in the wording of the deeds. Clemmens v. Kennedy, Tex.Civ.App., 68 S.W.2d 321, wr. ref. The trial judge properly construed the deeds involved and its judgment denying appellants a recovery of any portion of the mineral estate underlying the 82.75 acre tract of land (save for the possibility of reverter to one-half the minerals as provided for in the Wick deeds) correctly settles the legal rights of the parties. Such judgment is accordingly affirmed.