Jacquelyn Layne WILEY, Appellant,

v.

Kelly SPRATLAN, Appellee.

No. 856.

Court of Civil Appeals of Texas, Tyler.

Oct. 30, 1975.

Rehearing Denied Nov. 20, 1975.

Eldred Smith, Longview, for appellant.

A. D. Clark, III, Asst. Dist. Atty., Tyler, for appellee.

Michael Thompson, Tyler, guardian ad litem for the child.

DUNAGAN, Chief Justice.

This is an appeal by the natural mother of a minor child from a non-jury termination of the parent-child relationship by the Smith County Domestic Relations Court pursuant to Tex. Family Code Ann. Section 15.02(1)(E) and (2).[1] The natural father defaulted and does not appeal.

The parents relinquished temporary custody of the child to the Smith County Child Welfare Unit in February 1973, and each was requested to make support payments of $33 per month. The parents were divorced in September 1973. Appellee, the Supervisor of the Child Welfare Unit, instituted this termination suit on July 16, 1974, alleging that both parents failed to support the child during the period of July 17, 1973, to July 16, 1974.

The trial court found the following facts: that during the aforementioned period appellant made support payments only in August 1973, May 1974 and July 1974; that appellant was employed and received income in October, December, January, March and April of that period; and that appellant had a savings account of $500 in that period. The conclusions of law were (1) that appellant failed to support the child in accordance with her ability during the period of one year ending with July 16, 1974, and (2) that termination of the parent-child relationship was in the best interest of the child.

Appellant's basic contentions in this court are (a) that there was no evidence to support the judgment or (b) that the evidence was insufficient to support the judgment. We overrule both contentions.

■ We look only to the favorable evidence in passing upon the no evidence points and the entire record in passing upon the other points of error.

■ These evidentiary points are based upon the argument that termination of a parent-child relationship is warranted only in circumstances of *complete* non-support. *Cawley v. Allums*, 518 S.W.2d 790, 792 (Tex. 1975); *Leithold v. Plass*, 505 S.W.2d 376, 378 (Tex.Civ.App.—Houston 14th Dist. 1974, writ ref'd n. r. e.). Appellant argues that since the making of three payments during the relevant period is uncontroverted, there is no evidence of complete non-support.

The requirement of complete non-support was formulated in cases applying Section 6(a) of Tex.Rev.Civ.Stat.Ann. art. 46a, a provision for the adoption of a minor without the consent of a non-supporting parent. This provision was strictly construed in favor of such parent. *Cawley v. Allums, supra.*

■ The case at bar was instituted under Section 15.02 of the Family Code. Section 15.02(1)(E) is derived from Section 6(a) of Article 46a. However, Section 15.02(2) requires that termination be in the best interest of the *child* and therefore should be construed differently from Article 46a. Moreover, Section 14.07(a) of the Family Code provides that the best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship. This is a broad rule which applies in a suit to terminate a parent-child relationship. *Ayala v. Waldner*, 426 S.W.2d 628, 631 (Tex.Civ.App. —Houston 1st Dist. 1968, no writ). A parent's right to custody of his child is not absolute but is subject to judicial control when the best interest of the child requires it. *Barrie v. Costello*, 401 S.W.2d 707, 709 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.). "The right of a parent must yield to

1.  Section 15.02 states, in pertinent part:
    "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:
    (1) the parent has:
    *   *   *   *   *   *

(E) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;
*   *   *" and
"(2) termination is in the best interest of the child."

the welfare and best interest of the child." *Miller v. Watters*, 466 S.W.2d 94, 96 (Tex. Civ.App.—Austin 1971, writ ref'd n. r. e.). The cases strictly favoring the rights of parents cannot be determinative of situations in which the primary consideration of the court must be the best interest of the child.

After a careful study of the record we find the evidence to be sufficient to support the trial court's findings and judgment.

The judgment of the trial court is affirmed.

