**Bruce R. SAATHOFF and wife Dorothy Saathoff, Appellants,**

v.

**Gerald B. WILCOX, Appellee.**

**No. 15937.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Francis C. Richter, Hondo, for appellants.

Leonard L. Oliver, San Antonio, for appellees.

MURRAY, Justice.

Bruce R. Saathoff and wife, Dorothy C. Saathoff, instituted this suit for the termination of the parent-child relationship between Gerald B. Wilcox and his minor son. Dorothy C. Saathoff is the ex-wife of Gerald B. Wilcox and the mother of the minor son. This suit was brought under § 15.02 of the Tex.Family Code Ann. (1975), and Bruce R. Saathoff and wife, Dorothy C. Saathoff, appellants, alleged that Gerald B. Wilcox, appellee, had failed to support his child. [§ 15.02(1)(E)], and that the termination of the parent-child relationship was in the best interest of the child [§ 15.02(2)]. At the conclusion of the trial before the court judgment was entered denying termi-

nation of the parent-child relationship. Appellants have perfected their appeal to this Court. We affirm the trial court.

Appellants have testified that from the date of their marriage, November 1974, they have provided all the shelter, clothing, food, care, love, and affection for the child, and the child has enjoyed good health and has a good relationship with the appellants; that appellee had failed to pay child support during a period of one year ending within six months of the date of filing of the petition; that from the time of the divorce until the present time appellee has never written nor called the appellant concerning the well-being of the child, and that appellee never requested the right to visit the child until January 31, 1977; that termination of the parent-child relationship is in the best interest of the child.

Appellee testified that he had made arrangements to guarantee such support payments, and that once he discovered that the payments were in arrears, he immediately submitted the same in full, and he had always been ready, able, and willing to pay support; that during such period appellee was earning from $7,000.00 to $8,000.00 per year; that the appellant, Dorothy Saathoff, was a legal secretary who had knowledge of § 15.02 and avoided contact with appellee so that appellee might not discover the matter of the arrearages; that appellee had visited the child at his mother's home in Hondo, Texas, and not at the home of his ex-wife for the reason that he was still upset over the recent divorce and wanted to avoid any emotional confrontations; however, when visitations at appellee's mother's home failed, appellee sought direct visitation which was denied by appellant.

The only basis for termination asserted by appellants is the following part of § 15.02 of the Family Code:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

\*　　\*　　\*　　\*　　\*　　\*

(E) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; or

\*　　\*　　\*　　\*　　\*　　\*

(2) termination is in the best interest of the child.

For a decree of termination to be entered under § 15.02 of the Family Code both of these elements must be established. *Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976); *Holley v. Adams,* 544 S.W.2d 367 (Tex.1976).

While it is true that the evidence in this case establishes as a matter of law that appellee failed to support his child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition, the appellants had the burden to prove § 15.02(2) and this issue was found against them by the trial court. Appellants have attacked the finding of the trial court in this issue in the point of error alleging that "[t]he trial court erred when it found that termination of the parent-child relationship between Appellee, Gerald Brill Wilcox, and the child is not in the best interest of the child."

This Court has the power to find facts by virtue of Rules 451, 453, 455, Tex.R.Civ.P. (1978), and Art. 5, § 6 of the Texas Constitution. By virtue of these rules, this Court has the power to set aside a finding of the court and remand a case for retrial if a consideration of all the evidence in the record shows that the finding of the trial court is so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. We must consider all evidence, that which supports the finding of the trial court and that which militates against it. *King v. King,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Dyer v. Sterett,* 248 S.W.2d 234 (Tex.Civ.App.—San Antonio 1952, no writ). We have considered all the evidence in this case and have reached the conclusion that the finding of the trial court that termination of the parent-child relationship is not in the best interest of the child is not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. In fact, we are

impressed that the evidence heavily preponderates in favor of the finding of the trial court. See *Holley v. Adams, supra.*

The judgment of the trial court is affirmed.