Margarito RODRIGUEZ, Appellant,

v.

Guy MORGAN, d/b/a Guy Morgan
Construction Company, Appellee.

No. 12902.

Court of Civil Appeals of Texas,
Austin.

July 11, 1979.

Rehearing Denied Aug. 1, 1979.

Bob Andrews, Austin, for appellant.

Wayne H. Prescott, Brown, Maroney,
Rose, Baker & Barber, Austin, for appellee.

O'QUINN, Justice.

Margarito Rodriguez brought this suit in
1974 naming as defendants Guy E. Morgan,
doing business as Guy E. Morgan Insurance
(*sic*) Company, Jesse Del Torro, individual-
ly, and two insurance companies, for inju-
ries claimed to have been sustained in No-
vember of 1973 as a workman on a con-
struction project in Austin.

This appeal is from summary judgment,
granted on motion of Morgan, that Rodri-
guez take nothing from Guy Morgan, doing
business as Morgan Construction Company.
Subsequent to judgment, the trial court or-
dered severance as to Morgan, and declared
the judgment final, from which Rodriguez
has appealed.

Appellant brings the single point that it
was error to grant the summary judgment
and thereafter sever the cause " . . .
rendering said judgment between them [the
parties] for finality; because the record be-
low raises complete material issues of negli-
gence attributable to appellee in appellant's
action brought against appellee."

Morgan's motion for summary judgment
rested on three grounds: (1) that if Rodri-
guez was an employee of Morgan, the gen-
eral contractor, Morgan was immune from
liability on negligence ground because the
contractor had in effect a policy of worker's
compensation insurance; (2) that Rodriguez
was an employee of the subcontractor, and
no relationship existed between Morgan, as
the general contractor, and Rodriguez; and
(3) that Morgan committed no act of negli-
gence that was a proximate cause of the
accident in which Rodriguez was injured.

Morgan filed appellee's brief in Novem-
ber of 1978, and under the initial counter-
point sought affirmance "because the trial
court may have based its judgment on a

ground not saved for appellate review," in reliance on the rule stated by the Supreme Court in *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.Sup.1970).

All issues raised by the briefs, including appellee's first counterpoint, were orally argued at the time of submission on March 7, 1979. Thereafter, on April 11, appellant filed with this Court motion "for technical amendment and supplementation of original appellant's brief," which brief had been filed October 10, 1978. We now consider, and will overrule the motion to amend.

It is clear from appellant's brief that his appeal rested entirely on the contention that Morgan was guilty of negligence proximately causing the injuries to appellant, who fell with collapse of scaffolding neither owned nor furnished by Morgan. Appellant argued, "The very nature of a personal-injury (*sic*) case makes suspect a summary judgment against a plaintiff. The inquiry in this appeal is quite narrow . . Does the record present any possibility of issues as to whether appellee, in any capacity, could be deemed liable for negligently and proximately causing appellant's injuries and damages?"

The entire brief, consisting of more than twenty pages, is devoted exclusively to an attack upon the summary judgment on the ground that Morgan committed some act of negligence that was a proximate cause of the accident in which Rodriguez was injured. In conclusion, appellant asserts, "Hence, based upon several approaches to negligence theories, Appellant has demonstrated that the record did indeed raise genuine issues of material fact, thus necessitating trial and making the summary judgment improper."

■ By amendment of the brief, appellant seeks to present five points of error which would change his grounds to incorporate at least four other and additional theories for reversal of the trial court's judgment, but none of which appellant undertakes to brief and support by authorities. This effort comes six months after filing appellant's brief, nearly five months after challenge of appellant's grounds in the brief

appellee filed, and more than one month after submission and oral argument, at which time the same issue was argued by both parties.

Although Rule 431, Rules of Civil Procedure, permits briefs to be amended or supplemented "when justice requires upon such reasonable terms as the court may prescribe," and should be liberally construed, the Rule " . . . should not be so liberalized or extended so as to permit an appellant to completely change his grounds after submission of an appeal in the absence of most extraordinary circumstances." *King v. Cron*, 285 S.W.2d 833, 834 (Tex.Civ. App.San Antonio 1955, writ ref'd n. r. e.), cert. den., 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d 59 (1956). The rules should be given an interpretation which will further, and not impede, the orderly disposition of the cause on appeal. *Stuart v. Coldwell Banker & Company*, 552 S.W.2d 904 (Tex.Civ.App. Houston (1st) 1977, writ ref'd n. r. e.).

Appellant's motion for leave to file the amended brief, which completely changes grounds of the appeal more than a month after submission, is, after due consideration, overruled as not in furtherance of orderly disposition of the cause.

■ Returning to appellee's first counterpoint, we conclude that the contention is valid that summary judgment of the trial court should be affirmed. It is apparent that the trial court may have based the summary judgment on a ground not specifically challenged by appellant. Appellant has failed to assign error, or to brief, the several grounds upon which the court, in response to appellee's motion for judgment, granted summary judgment, and for this reason the summary judgment should be affirmed. *Malooly Brothers, supra*, 461 S.W.2d 121, col. 2, and other authorities there cited.

Judgment of the trial court is affirmed.