**In the Matter of the Marriage of Miguel LINAN, Jr., Appellant,**

**v.**

**Elizabeth LINAN, Appellee,**

**and**

**In the Interest of Mary Yvonne LINAN, a child.**

**No. 1912.**

Court of Appeals of Texas, Corpus Christi.

Feb. 25, 1982.

Rehearing Denied April 8, 1982.

J. Manuel Banales, Corpus Christi, for appellant.

Michael Ryan, Texas Dept. of Human Resources, Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order denying appellant's Motion to Terminate His Parental Rights. Miguel Linan, Jr., the appellant herein, is the adoptive father of the child, Mary Yvonne Linan. Appellee, Elizabeth Linan, is the adoptive mother of the child. In 1978, appellant and appellee were granted a divorce in which the appellee wife was named Managing Conservator of the child

and appellant was ordered to make child support payments. Appellant was in arrears on his child support payments when, on March 7, 1980, he filed his motion to Terminate Parental Rights. A hearing was had on this termination motion and on appellee's motion to hold appellant in contempt due to past-due child support payments. After a hearing before the court, the trial judge denied the motion for termination, found appellant to be in contempt, but reduced appellant's child support payments by $10.00 a week. Appellant appeals only from the trial court's denial of his Motion to Terminate His Parental Rights.

Appellant brings forth four points of error, all of which complain of the trial court's denial of his Motion for Termination of Parental Rights. Points of error one and two allege that the trial court erred or abused its discretion in failing to grant the motion to terminate. The other two points of error are evidentiary points of no evidence or against the great weight and preponderance of the evidence concerning the trial court's ruling. We will discuss all of these points together.

Tex.Fam.Code Ann. § 15.01 (Vernon 1975), provides that "a parent may file a petition requesting termination of the parent-child relationship with his child. The petition may be granted *if the court finds that termination is in the best interest of the child.*" (Emphasis added)

In reviewing appellant's evidentiary points of error, we follow the established rules set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and in *Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ In the present case, the only evidence as to whether or not termination would be in the best interest of the child was given by the appellant himself. He stated that appellee would not allow him to visit with the child as the divorce decree provided. He contends that it would therefore be a "burden for her (the child) to see me just because she can't go with me." When asked why it would be in the best interest of the child to terminate his parental rights, appellant responded as follows:

"Why? Because—I mean I didn't—I mean I couldn't see her. I mean if I—it would twist her mind." He testified that, in his opinion, it would be in the child's best interest to terminate his parental relationship because appellee spends more time with the child and that he was not able to see the child per the visitation rights. The remainder of appellant's testimony centered on his financial ability and his health. Appellee's refusal to allow appellant to see the child is not in itself justification for termination.

We find after a careful review of all of the evidence in this case that the trial court did not err in denying appellant's Motion to Terminate His Parental Rights. See *Saathoff v. Wilcox*, 562 S.W.2d 18 (Tex.Civ. App.—San Antonio, 1978, no writ); *Wiley v. Spratlan*, 529 S.W.2d 616 (Tex.Civ.App.—Tyler, reversed on other grounds 543 S.W.2d 349 [Tex.1976]).

We have considered all of appellant's points of error, and they are overruled. The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant, in his motion for rehearing, brings as his only ground a point of error not heretofore argued, which appellant urges this Court to consider in the interest of justice. Appellant's new contention is that the trial court committed reversible error in failing to appoint a guardian ad litem to represent the interest of the child.

■ This Court is authorized to permit the filing of amended briefs, including additional points of error not originally presented, even after submission and the rendition of an opinion. Rule 431, T.R.C.P.; *Minneapolis-Moline Company v. Purser*, 361 S.W.2d 239, 246 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.) and cases cited therein. However, it is clear that it is not mandatory that this Court accept such an amendment, especially where appellant seeks to completely change the grounds of his appeal. *King v. Cron*, 285 S.W.2d 833 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.), cert. denied 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d

59 (1956); *Rodriguez v. Morgan*, 584 S.W.2d 558 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.).

 In the instant case, the appellant neither requested the appointment of a guardian ad litem nor objected to the failure of the trial court to make such an appointment. No motion for new trial was filed. Appellant did not address such failure as a point of error in his original brief, nor did he seek leave to amend or rebrief this point after submission, even though this Court asked appellant's counsel if such a guardian ad litem had been appointed.

Tex.Fam.Code Ann., § 11.10 provides in applicable part:

"(a) In any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interest of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or *unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party* . . . ."

In the instant cause, we had a "voluntary" termination proceeding. There was no contest over conservatorship. The motion for termination was consolidated for hearing with a motion for contempt served on the appellant for failure to pay court-ordered support for the child in question. The child's adoptive mother was represented by the attorney for the Department of Human Resources, who vigorously questioned appellant regarding his reasons for termination and brought out the ultimate effects of termination, i.e., that the child would be both without a father and without the support which the trial court had previously determined the child entitled to. The record before this Court does not reflect that the interests of the child were not adequately represented.

Because neither party requested an appointment or objected to the failure of the trial court to appoint a guardian ad litem, we may, and we do, assume that the trial court made all rulings necessary for its judgment, i.e., that the child was adequately represented by a party to the suit (here, the child's mother) whose interests were not adverse to the child. Appellant has waived any error regarding such a ruling by his failure to bring the point on appeal, and by his failure to object at the trial court level.

Appellant's motion for rehearing is overruled.