Stiles v. Trimble 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00259-CV







Randall Stiles, Appellant



v.



Ryan Trimble, Bob Bindseil, Richard Culpepper, Bob Johnson,


and City of Blanco, Appellees







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4120, HONORABLE D. V. HAMMOND, JUDGE PRESIDING







PER CURIAM



 Appellant Randall Stiles appeals the trial court's take-nothing judgment in his suit
against appellees Ryan Trimble, Bob Bindseil, Richard Culpepper, Bob Johnson, and City of
Blanco. Stiles sued appellees alleging six causes of action after the Blanco City Council
discharged him as police chief. When the events on which Stiles based his suit occurred, Trimble
was the mayor of the City of Blanco and Bindseil, Culpepper, and Johnson were members of the
city council. The trial court rendered summary judgment for appellees on each cause. We will
affirm the judgment in part and reverse it in part.

 In point of error one, Stiles asserts globally that the trial court erred in granting
summary judgment on all his claims. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970). Stiles argues first that, as to his causes of action excluding defamation, the trial
court erroneously granted summary judgment based on official immunity. Stiles concedes that
his defamation claim was properly subject to summary judgment based on appellees' defense of
absolute immunity. Because appellees did not assert official immunity as a ground for summary
judgment on Stiles' five non-defamation causes, this argument lacks merit.

 Stiles argues next that appellees failed to negate his cause of action for intentional
infliction of emotional distress. As to this cause of action, appellees moved for summary
judgment on two grounds: Stiles did not plead conduct meeting the legal test for intentional
infliction of emotional distress and the summary-judgment evidence established that appellees did
not intentionally inflict emotional distress. On appeal, Stiles attacks only the ground based on his
pleading.

 The trial court did not specify the ground on which it granted summary judgment. 
By failing to attack all the grounds stated in the motion, Stiles has failed to show error in granting
summary judgment on his claim for intentional infliction of emotional distress. Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Thomson v. Norton, 604 S.W.2d 473, 477 (Tex.
Civ. App.--Dallas 1980, no writ); Rodriguez v. Morgan, 584 S.W.2d 558, 559 (Tex. Civ.
App.--Austin 1979, writ ref'd n.r.e.). We overrule point one.

 In point of error two, Stiles argues that the trial court erroneously granted summary
judgment on his claims that appellees violated the Open Meetings Act. See Tex. Gov't Code Ann.
§§ 551.001--.146 (West 1994). Stiles alleged in his petition that appellees violated two provisions
of the Act, the first being the requirement that the City notify the public that the council planned
to discuss his termination at a meeting. See § 551.041. Appellees sought summary judgment on
this claim on the ground that the City's agenda for the meeting at which Stiles was terminated
complied with the Act. The meeting at which Stiles was terminated occurred January 14, 1992. 
The summary-judgment evidence shows that the agenda for this meeting specified as topics to be
discussed, in closed session, "review of performance of police chief," and in open session,
"recommendations and potential action regarding police chiefs [sic] position." 

 A governmental body, such as the City, must give written notice of the subject of
each meeting it holds. § 551.041. The notice given must fully and adequately disclose the
subjects to be discussed. Cox Enters., Inc. v. Board of Trustees of the Austin Indep. Sch. Dist.,
706 S.W.2d 956, 959-60 (Tex. 1986). When a subject of discussion is of special interest to the
public, as opposed to being a routine matter, the governmental body must provide correspondingly
more specific notice. Cox, 706 S.W.2d at 959; Rettberg v. Texas Dep't of Health, 873 S.W.2d
408, 411 (Tex. App.--Austin 1994, no writ); Point Isabel Indep. Sch. Dist. v. Hinojosa, 797
S.W.2d 176, 180 (Tex. App.--Corpus Christi 1990, writ denied). The summary-judgment
evidence in this case includes the minutes of an earlier council meeting at which a citizen
presented an opinion poll of 218 citizens of Blanco. The minutes record that 216 of those polled
supported retaining Stiles as the city's police chief. In addition, it has been held that, as a matter
of law, the public has a special interest in matters relating to the employment of a police chief
because of the duties related to the police chief's office and the broad contact with the public that
those duties involve. Mayes v. City of De Leon, Texas, No. 11-95-290-CV, slip op. at 4 (Tex.
App.--Eastland Jan. 4, 1996, no writ h.). We therefore determine that the public here had a
special interest in the decision to discharge Stiles as police chief.

 When a topic is of special interest to the public, notices held insufficient have
typically been terse, generic labels, such as "personnel" to describe selecting a school
superintendent and "litigation" to describe discussing a major desegregation lawsuit. See Cox,
706 S.W.2d at 959. See also Mayes, slip op. at 4-5 ("employment and evaluation of city
personnel" insufficiently described termination of police chief); Point Isabel, 797 S.W.2d at 182
("employment of personnel" insufficiently described hiring three school principals); Parr v. State,
743 S.W.2d 268, 273 (Tex. App.--San Antonio 1987, writ denied) ("adoption of budget"
insufficiently described tax levy). The agenda here, in contrast, described both the specific
position to be discussed and the purpose of that discussion: first, in closed session, the police
chief's performance would be reviewed, and second, in open session, recommendations and
potential action regarding the police chief's position would be discussed. Although the agenda
did not specify termination as a topic, a reader of this agenda could not fail to discern that the
police chief's job was at stake. We hold that appellees established, as a matter of law, that the
agenda posted for the January 14, 1992, city council meeting fully disclosed the subject of Stiles'
termination in compliance with section 551.041.

 Stiles alleged in his petition that a separate violation of the Act occurred when
appellees Johnson, Culpepper, Bindseil, and Trimble improperly met before council meetings to
plan their actions at council meetings. Stiles relied on the provision of the Act making it an
offense for members of a governmental body to knowingly conspire to circumvent the Act by
meeting in numbers less than a quorum for secret deliberations. See § 551.143. Stiles claimed
that the secret actions of the four council members nullified the council's decision to terminate
him. See § 551.141. 

 In their motion for summary judgment, appellees conceded that the four council
members would from time to time speak with one another concerning issues of importance to City
government. The appellees claimed, however, that a quorum of members never met without
complying with the Act. Stiles emphasized in response that the Act could be violated even if less
than a quorum of city council members met. § 551.143. We agree that appellees' concession that
council members talked about city issues outside formal meetings raises a fact issue whether they
violated section 551.143 by meeting in numbers less than a quorum to secretly deliberate. (1)

 Appellees assumed the summary-judgment burden of negating, as a matter of law,
at least one essential element of Stiles' Open Meetings Act claim. Centeq Realty, Inc., 899
S.W.2d at 197; Citizens First Nat'l Bank, 540 S.W.2d at 294. Appellees stated in the summary-judgment motion that merely discussing a city issue outside a formal meeting, and even discussing
one's vote with a colleague, does not violate the Act. We will treat this statement as appellees'
allegation that they could negate the element of knowingly conspiring to circumvent the Act. 

 Although appellees alleged that they did not knowingly conspire to circumvent the
Act, they presented no summary-judgment evidence to prove that they did not. Rather than
affirmatively offering evidence to disprove the charge that they conspired to plan Stiles'
termination, appellees asserted that no evidence existed that secret meetings occurred in violation
of the Act. Appellees have therefore failed to carry their summary-judgment burden. Garcia v.
John Hancock Variable Life Ins. Co., 859 S.W.2d 427, 435-36 (Tex. App.--San Antonio 1993,
writ denied). While we recognize the difficulty in proving that one did not act in a certain
manner, the evidence here does not conclusively disprove that appellees violated the Act in
connection with terminating Stiles. We therefore overrule point two as to Stiles' claim that notice
was insufficient under the Act; we sustain point two as to Stiles' claim that secret meetings
occurred in violation of the Act.

 In his third point of error, Stiles contends that the trial court erroneously rendered
summary judgment on his claim for breach of contract. In moving for summary judgment on this
cause of action, appellees argued that, notwithstanding the claim of an oral contract, Stiles'
employment was governed by the Local Government Code. Appellees asserted that chapter
twenty-two of the Code empowered the City to discharge its police chief for sufficient cause, the
decision to discharge being reviewable in court for substantial evidence. See Tex. Local Gov't
Code Ann. § 22.077 (West 1988). Appellees accordingly asserted that the summary-judgment
evidence provided substantial evidence to justify the city council's decision to discharge Stiles.

 On appeal, Stiles argues that appellees admitted in their pleadings that a contract
existed and that appellees' evidence raises factual issues on whether appellees breached the
contract by dismissing Stiles without good cause. Stiles thus fails to address the ground on which
appellees sought summary judgment. See Star-Telegram, Inc., 915 S.W.2d at 473; Thomson, 604
S.W.2d at 477; Rodriguez, 584 S.W.2d at 559. The only argument that can be construed as
attacking the ground appellees asserted is that the evidence fails to establish cause for discharge
in that the council's vote to discharge him was divided and that citizens attending the council
meeting became upset. This evidence does not raise a material factual issue on whether sufficient
cause existed to discharge Stiles. We therefore overrule point three.

 We reverse that part of the trial court's judgment relating to Stiles' claim that
appellees deliberated in secret in violation of the Open Meetings Act and remand that cause for
trial. We affirm the trial court's judgment in all other respects.



Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: June 5, 1996

Do Not Publish
1. [1]  In the context of meetings of less than a quorum of members of a governmental body for
the purpose of secret deliberations, "deliberation" appears to mean a verbal exchange concerning
an issue within the jurisdiction of the governmental body or any public business. See Tex. Gov't
Code Ann. §§ 551.001(2), 551.143 (West 1994).



 council members nullified the council's decision to terminate
him. See § 551.141. 

 In their motion for summary judgment, appellees conceded that the four council
members would from time to time speak with one another concerning issues of importance to City
government. The appellees claimed, however, that a quorum of members never met without
complying with the Act. Stiles emphasized in response that the Act could be violated even if less
than a quorum of city council members met. § 551.143. We agree that appellees' concession that
council members talked about city issues outside formal meetings raises a fact issue whether they
violated section 551.143 by meeting in numbers less than a quorum to secretly deliberate. (1)

 Appellees assumed the summary-judgment burden of negating, as a matter of law,
at least one essential element of Stiles' Open Meetings Act claim. Centeq Realty, Inc., 899
S.W.2d at 197; Citizens First Nat'l Bank, 540 S.W.2d at 294. Appellees stated in the summary-judgment motion that merely discussing a city issue outside a formal meeting, and even discussing
one's vote with a colleague, does not violate the Act. We will treat this statement as appellees'
allegation that they could negate the element of knowingly conspiring to circumvent the Act. 

 Although appellees alleged that they did not knowingly conspire to