# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-05-00713-CV

**Barry C. Dockery, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM204655, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In response to the appellant's motion for rehearing, we withdraw our memorandum opinion and judgment of May 19, 2006, and substitute the following. Barry C. Dockery appeals the denial by the trial court of his petition for voluntary termination of parental rights. *See* Tex. Fam. Code Ann. § 161.005 (West 2002). In four issues, he seeks the appointment of an attorney on appeal, the voluntary and permanent relinquishment of his parental rights, and the release from any child support arrearage owed by him. Because the trial court did not abuse its discretion in finding that termination is not in the child's best interest, we affirm the judgment.

A 2002 judgment by a Travis County district court found Dockery's paternity and established the parent-child relationship between Dockery and his son Phillip. The trial court

awarded retroactive child support and ordered Dockery to pay current child support until the latter of the son's emancipation or graduation from high school. At the time of the September 2005 hearing on Dockery's termination action, Phillip was almost nineteen years old, was not disabled, and was enrolled in college. Dockery owed a significant amount of child support arrearage. After a hearing on Dockery's petition to terminate, the trial court denied the petition. Dockery appeals the denial of his petition to terminate.

Dockery seeks to terminate his parental responsibilities under a rarely used provision of the family code. *See id.*[1] To grant a petition to terminate, the court must find that the termination is in the child's best interest. Section 161.005(a) of the family code provides: "A parent may file a suit for termination of the petitioner's parent-child relationship. The court may order termination if termination is in the best interest of the child." *Id.* § 161.005(a). Although this provision was enacted in 1973,[2] it has not been widely invoked. *In re T.S.S.*, 61 S.W.3d 481, 484 (Tex. App.—San Antonio 2001, pet. denied); *see also Nichols v. Nichols*, 803 S.W.2d 484 (Tex. App.—El Paso 1991, no writ); *Linan v. Linan*, 632 S.W.2d 155 (Tex. App.—Corpus Christi 1982, no writ).

In *Nichols*, three years after the divorce decree had found that the parties were the parents of the child and had set child support payments, the father filed a petition to terminate his parent-child relationship, alleging that he was not the biological father, that another man was, and

---

[1] In Texas, this provision is most commonly used when a birth mother wants to place her baby for adoption. *See* Robinson C. Ramsey, *Termination of Parental Rights*, *in* 4 Texas Family Law Service, § 33.8 (6th ed. 1997).

[2] Act of June 15, 1973, 63rd Leg., R.S., ch. 543, § 15.01, 1973 Tex. Gen. Laws 1411, 1426 (amended 1995) (current version at Tex. Fam. Code Ann. § 161.005(a) (West 2002)).

that voluntary termination of the current relationship was in the best interest of the child. *Nichols*, 803 S.W.2d at 484-85. When the mother failed to appear at trial, the trial court granted the father a default judgment. *Id.* at 485. The court of appeals reversed, finding the failure to appoint an attorney ad litem to represent the best interest of the child to be fundamental error. *Id.* Recognizing that other legal doctrines such as res judicata and collateral estoppel may operate to defeat termination, the court reasoned that "the petition is to be granted only if the court finds that the termination *is in the best interest of the child.*" *Id.*

In *Linan*, the Linans had married, adopted a child, and then divorced. *Linan*, 632 S.W.2d at 155-56. As here, the father was in arrears on his child support payments when he filed a motion to terminate parental rights. *Id.* at 156. The motion to voluntarily terminate parental rights was heard at the same time as the mother's motion for contempt concerning failure to make timely support payments. *Id.* The trial court denied the motion for termination and found the father in contempt, but reduced his payments by $10 a week. *Id.* Claiming it was in his daughter's best interest to terminate because the mother prevented him from seeing his daughter in accordance with the visitation rights afforded him in the divorce decree, Linan appealed the denial of termination. *Id.* In light of Linan's admission that a termination would leave his daughter without a father and without financial support, the court found that it was not an abuse of discretion to deny the petition to terminate. *Id.*

Likewise in *T.S.S.*, a divorce decree, approved by the parents, recited that they were the child's parents and that the child was born of the marriage. *T.S.S.*, 61 S.W.3d at 482. Ten years later when the mother sought an increase in child support, the father sought to terminate the parent-

3

child relationship. *Id.* at 483. He claimed that he was not the biological father and that the prior adjudication of parentage in the decree of divorce resulted from fraud. *Id.* The court rejected his fraud claim, meaning that his contention that it was in his child's best interest for the parent-child relationship to be terminated was based solely on his claim that he was not the biological father; the court held: "That being the case, and because the issue of parentage is precluded by collateral estoppel, there is no other basis upon which to support a best-interest determination." *Id.* at 488.

Here, Dockery acknowledges in his petition that he is the father of the child that is the subject of the suit. At the hearing, he made it clear that one of his purposes in seeking a termination was to eliminate his child support arrearage. To support his allegation that the termination served his son's best interest, Dockery asserted only that his son is now an adult and would have nothing to do with him, and that Dockery did not want a relationship with his son. Dockery testified that he had been in and out of prison and that he had had minimal contact with his son. In response to the court's inquiry as to how "that is in his best interest that I terminate your rights?", Dockery responded, "Why wouldn't it be in his best interest if he has a dad that doesn't want to spend no time with him. He don't want to spend no time with me." Dockery's sister testified that Dockery has not been employed since his release from prison in 2002 and that he was seeking relief from the child support arrearage because he had another child to support. At the close of the hearing, the trial court denied the petition to terminate.

The trial court did not abuse its discretion in denying termination. Dockery provided no evidence that termination was in the child's best interest. Because his child is now nineteen,

4

Dockery argues that he should not have to prove termination is in his son's best interest. But this contention is contrary to section 161.005(a), and the trial court properly denied Dockery's petition.

Dockery also seeks the appointment of counsel on appeal. He did not seek appointment of counsel in the court below and does not cite the basis for his request on appeal. In any event, he has not shown any constitutional or statutory right to counsel. This case is distinguishable from a case in which the state seeks to involuntarily terminate a parent's rights.

Dockery also seeks relief from his child support obligations. The family code expressly prohibits the reduction or modification of child support arrearage, except under circumstances not applicable here. Tex. Fam. Code Ann. § 157.262(a) (West 2002). The code also prohibits the retroactive modification of child support. *Id.* § 156.401(b) (West Supp. 2006). Even if the trial court were to grant Dockery's voluntary termination, that termination would not alter his child support arrearage.

We overrule Dockery's issues on appeal and affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed on Motion for Rehearing

Filed: November 14, 2006