NO. 07-10-0043-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 17, 2011

---

UNITED SUPERMARKETS, L.L.C., APPELLANT

v.

SANDRA RAMIREZ, APPELLEE

---

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-545,560; HONORABLE WILLIAM C. SOWDER, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, United Supermarkets, L.L.C., appeals the trial court's order denying its application to vacate, modify, or correct an arbitration award in favor of Appellee, Sandra Ramirez. In a single issue, United asserts the trial court erred in entering an award premised on the finding by Arbitrator Frank E. Murchison that United was liable for Ramirez's injuries under a premises liability theory without also finding United had actual or constructive knowledge of a dangerous condition. We affirm.

## Background

In December 2008, Ramirez filed her original petition asserting United was liable for injuries she sustained when she slipped on ice while stocking a freezer. Thereafter, Ramirez and United agreed to arbitration.

In November 2009, an arbitration proceeding was held, and in December, the Arbitrator issued his report and award. The Arbitrator found in Ramirez's favor and awarded damages to Ramirez because United was negligent (1) under a business invitee premises liability theory and (2) in failing to provide Ramirez a safe place to work in connection with the risk of slipping on ice buildup in the walk-in freezer.

In January 2010, United filed an application to vacate, modify or correct the Arbitrator's award. In its application, United only asserted that the Arbitrator's award was contrary to Texas law asserting that actual or constructive knowledge is necessary to support Ramirez's claim of negligence under a premises liability theory. The trial court denied United's application and this appeal followed.

## Analysis

Rule 33.1(a) of the Texas Rules of Appellate Procedure requires, among other things, that the record show that the trial court "ruled on [a] request, objection, or motion, either expressly or implicitly" before a complaint may be presented for appellate review. Tex. R. App. P. 33.1(a)(2)(A). If an argument is presented for the first time on appeal, it is waived. *See Marine Transport Corp. v. Methodist Hospital*, 221 S.W.3d 138, 147 n.3 (Tex.App.--Houston [1st Dist.] 2006, no pet.). Because United's

application did not challenge the Arbitrator's determination that United was negligent in failing to provide Ramirez a safe place to work in connection with the risk of slipping on ice buildup in the walk-in freezer, this issue was not preserved our review.

Because the trial court's denial of United's application, as well as the Arbitrator's award, may have been based upon a single ground not specifically challenged by United before the trial court and, therefore, waived on appeal, the trial court's order must stand.  *See Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970); *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804-05 (Tex.App.--Beaumont 1990, no pet.); *Rodriguez v. Morgan*, 584 S.W.2d 558, 559 (Tex.Civ.App.--Austin 1979, writ ref'd n.r.e.). Accordingly, United's single issue is overruled.

## Conclusion

The trial court's denial of United's application is affirmed.


Patrick A. Pirtle
Justice

3